[No. 29721-7-III.   Division Three.   February 28, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL ALLEN FLAHERTY, *Appellant*.

*Marie J. Trombley*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies*, for respondent.

¶1 SIDDOWAY, J. — RCW 10.73.090(1) provides that "[n]o [untimely collateral attack] may be filed." In this case, the superior court, having concluded that Daniel Flaherty's CrR 7.8 motion was untimely, refused to accept it for filing.

¶2 We conclude that the matter is not appealable and dismiss.

## FACTS AND PROCEDURAL BACKGROUND

¶3 On November 1, 2010, Mr. Flaherty attempted to file a CrR 7.8 motion to vacate a 2005 judgment and sentence by mailing the motion and supporting materials to the Spokane County Superior Court. Mr. Flaherty's 2005 conviction was based on his plea of guilty to one count of conspiracy to deliver a controlled substance and one count of third degree possession of stolen property. His proposed CrR 7.8 motion argued that he entered the plea in 2005 only because encouraged to do so by his lawyer, based on a proposed punishment that would be extremely light. He contends that his lawyer never warned him that the felony conviction could become a predicate for "career offender" status under federal law. Reportedly it has had that consequence, significantly increasing his sentence in October 2009 for a federal crime. His proposed motion asked that the court vacate the 2005 judgment and sentence.

¶4 On December 14, 2010 the superior court returned Mr. Flaherty's motion papers as time barred pursuant to RCW 10.73.090.

¶5 On December 30, 2010, Mr. Flaherty attempted to file a petition for rehearing, arguing that his motion was not untimely. On January 11, 2011, the superior court returned the petition, reiterating that the motion was time barred.

¶6 Mr. Flaherty filed a notice of appeal.

## ANALYSIS

¶7 Under CrR 7.8(c)(2), a trial court must transfer a motion "filed by a defendant" to this court unless it determines that the motion is timely filed under RCW 10.73.090 and "either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." In other words, once filed, it is only if the motion is timely and appears to have merit or requires fact finding that the superior court retains and hears the motion. In all other cases, for purposes of efficient judicial administration, the motion is transferred to this court.

¶8 The parties' briefing in this court proceeds on the assumption that Mr. Flaherty's motion was filed in superior court. Mr. Flaherty argues that because his motion was untimely, it should have been transferred to us and the superior court's failure to transfer was an abuse of discretion. Although he recognizes that we can and sometimes do convert an erroneously processed CrR 7.8 motion to a personal restraint petition and consider its timeliness on that basis, Mr. Flaherty asks that we remand to the superior court instead, in light of the risk of prejudicing his ability to file a successive petition. *See State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008).

¶9 The State agrees that the superior court did not follow the procedure required by CrR 7.8(c) but encourages us to dismiss the appeal in light of the untimeliness of the motion and the resulting harmlessness of the court's handling of the petition.

¶10 It has come to our attention, however, that the superior court did not *dismiss* Mr. Flaherty's motion as

untimely; rather, it refused to accept the motion for filing on that basis. While copies of Mr. Flaherty's submissions were retained by the court, it is only the court's letters rejecting the submissions as untimely and returning them to Mr. Flaherty that were filed. Copies of Mr. Flaherty's materials are included in the court's file only as enclosures to the court's letters returning them to Mr. Flaherty.

¶11 RCW 10.73.090(1) states that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case *may be filed* more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." (Emphasis added.) *Accord* CrR 7.8(b) (motions under the rule are subject to timeliness requirements and are "further subject to RCW 10.73.090"). RCW 2.32.050(4) provides that it is the duty of the clerk of the superior court to "file all papers delivered to him or her for that purpose in any action or proceeding in the court *as directed by court rule or statute*."[1] The superior court's decision to reject an untimely motion for filing was permitted procedure.

¶12 A trial court's refusal to accept an untimely motion for filing is not an appealable order. RAP 2.2. While the petitioner could seek discretionary review of such a refusal subject to the criteria provided by RAP 2.3(b), Mr. Flaherty has demonstrated no ground for discretionary review.[2] The matter has proceeded in error and should be dismissed.

¶13 Dismissed.

KORSMO, A.C.J., and BROWN, J., concur.

After modification, further reconsideration denied July 9, 2012.

Review granted March 14, 2013.

---

[1] We quote the current version of RCW 2.32.050(4), which was amended by Laws of 2011, chapter 336, section 45 to make the language gender neutral.

[2] A petitioner who believes his or her CrR 7.8 motion has been refused for filing in error may also file a personal restraint petition directly in the Court of Appeals. RAP 16.3-16.15.