184 P.3d 666 (2008)
STATE of Washington, Respondent,
v.
Kevin SMITH, Appellant.
No. 36858-7-II.
Court of Appeals of Washington, Division 2.
May 28, 2008.
Eric Broman, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Randall Avery Sutton, Jeremy Aaron Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.
VAN DEREN, A.C.J.
¶ 1 Kevin Smith appeals from an order denying his CrR 7.8 motion to dismiss his conviction for violation of CrR 3.3 and the code of judicial conduct. The superior court dismissed the motion as untimely, invoking RCW 10.73.090. Because the trial court lacked authority to dismiss on this basis under the new version of CrR 7.8, we vacate the order and remand for further proceedings.

FACTS
¶ 2 In 1995, a jury found Smith guilty of three counts of unlawful delivery of a non-controlled substance in lieu of a controlled substance. The mandate was issued on May 29, 2003, following three resentencing proceedings.[1] On September 7, 2007, the superior court denied Smith's new motion to vacate his convictions. The court ruled:
THIS MATTER comes before the Court upon Defendant's Motion to Dismiss for Violation of Criminal Court Rule 3.3 and the Code of Judicial Ethics. Having reviewed Defendant's motion, the Court finds that pursuant to CrR 7.8 and RCW 10.73.090, Defendant's motion is untimely. Therefore, it is hereby
ORDERED that the Motion to Dismiss is DENIED.
Order on Motion to Dismiss, State v. Smith, No. 95-1-00998-9 (Pierce County Super. Ct., Wash. Sep.6,2007).

DISCUSSION
¶ 3 For 21 years, CrR 7.8(c) allowed the superior court to (1) deny a CrR 7.8 motion without a hearing if the alleged facts did not establish grounds for relief; (2) transfer the motion to the court of appeals for consideration as a personal restraint petition if the transfer would serve the ends of justice; or *667 (3) set a hearing so the adverse party could show why the court should not grant the requested relief. CrR 7.8(c)(2) (adopted September 1, 1986).
¶ 4 But on September 1, 2007, this rule changed and now provides:
Procedure on Vacation of Judgment.
(1) Motion. Application shall be made by motion stating the grounds upon which relief is asked, and supported by affidavits setting forth a concise statement of the facts or errors upon which the motion is based.
(2) Transfer to Court of Appeals. The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.
(3) Order to Show Cause. If the court does not transfer the motion to the Court of Appeals, it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.
CrR 7.8(c).
¶ 5 Under this new rule, the superior court does not have authority to dismiss a CrR 7.8 motion if it is untimely under RCW 10.73.090. Instead, the superior court must transfer the motion to this court for consideration as a personal restraint petition. The superior court may only rule on the merits of the motion when the motion is timely filed and either (a) the defendant makes a substantial showing that he is entitled to relief or (b) the motion cannot be resolved without a factual hearing. Only when these prerequisites are absent may the superior court transfer a timely petition to this court for consideration as a personal restraint petition.
¶ 6 The State asks that we simply convert the notice of appeal to a personal restraint petition as a way of preserving judicial resources. Smith responds that because the trial court improperly denied the motion, remand is appropriate because it did not give Smith notice that it might transfer his motion to this court to be considered as a personal restraint petition. He argues that, because a transfer to this court would have future collateral consequences, he should have been allowed to address the trial court as to that remedy. See RCW 10.73.140 (subsequent petition rule); In re Pers. Restraint of Bailey, 141 Wash.2d 20, 27-28, 1 P.3d 1120 (2000) (superior court order on CrR 7.8 motion does not operate to bar a later filed personal restraint petition filed in the court of appeals); In re Pers. Restraint of Vazquez, 108 Wash.App. 307, 313-14, 31 P.3d 16 (2001) (CrR 7.8 motion transferred to court of appeals will bar subsequent petitions). Under these circumstances, he argues, he should have the opportunity to object to a transfer, agree to dismiss his motion, or seek dismissal once the motion is transferred. City of Seattle v. Klein, 161 Wash.2d 554, 566, 166 P.3d 1149 (2007) (notice required before deprivation of a substantial right).
¶ 7 We agree with Smith that converting the wrongly-transferred CrR 7.8 motion to a PRP could infringe on his right to choose whether he wanted to pursue a personal restraint petition because be would then be subject to the successive petition rule in RCW 10.73.140 as a result of our conversion of the motion. See Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (recharacterizing pro se motion requires giving petitioner notice of intent to recharacterize motion, a warning that the recharacterization could subject it to second or successive motion rule, and an opportunity to withdraw or amend the motion before successive motion rule restrictions can apply).
¶ 8 Here, the superior court denied Smith's motion because it was untimely. The superior court did not have authority to deny an untimely motion and, thus, we vacate the order and remand for the superior court to enter an order complying with this new rule consistent with this opinion.
We concur: HUNT and PENOYAR, JJ.
NOTES
[1] For a detailed procedural history, see State v. Smith, 137 Wash.App. 431, 153 P.3d 898 (2007).