FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 48

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46514-1-II |
| Respondent, | |
| v. | |
| JOEL P. REESMAN, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Joel Reesman appeals the trial court's dismissal of his motion to withdraw his guilty plea, arguing that CrR 7.8(c)(2) required the trial court to either transfer his motion to this court as a personal restraint petition (PRP) or hold a hearing on the factual basis of his motion. The State concedes that the trial court did not comply with CrR 7.8(c). We accept the State's concession. In addition, Reesman presents multiple assertions of error in his statement of additional grounds (SAG). Because several of the SAG assertions do not pertain to the order Reesman appeals, they are outside our scope of review and we do not consider them. We hold that the remainder of Reesman's arguments are meritless.

We reverse the trial court's order denying Reesman's motion to withdraw his guilty plea and remand for proceedings consistent with this opinion.

## FACTS

In January 2007, Reesman was charged with possession of a machine gun or short-barreled shotgun or rifle, two counts of unlawful possession of a firearm, and possession of

methamphetamine with a firearm enhancement under cause number 07-1-00090-9 (Case 1). Reesman's charge for possession of methamphetamine with a firearm enhancement was a third-strike charge, meaning it carried the penalty of life in prison without the possibility of parole. In June 2007, Reesman also was charged with unlawful possession of methamphetamine under cause number 07-1-01092-1 (Case 2).

On March 12, 2008, Reesman waived his right to a jury trial for the charges brought against him in Case 1. After a bench trial, the judge found Reesman guilty on each charge. The trial court sentenced Reesman to life in prison. Reesman apparently appealed this judgment and/or conviction, but the record does not show when or how the appeal was resolved.

On March 20, 2008, Reesman pled guilty to possession of methamphetamine in Case 2. Reesman was sentenced to a standard range of 12 to 24 months in confinement for the offense, which ran currently with Reesman's sentence of life in prison.

In December 2013, Reesman filed a PRP with our Supreme Court to withdraw his guilty plea in Case 2, asserting in part that his attorney threatened to shoot and kill him in private and in open court. In March 2014, our Supreme Court denied Reesman's other claims,[1] but transferred Reesman's motion to withdraw his guilty plea to the trial court for determination. Reesman was appointed counsel.

In June 2014, Reesman's counsel submitted an email to the trial court stating that the alleged threat occurred in Case 1, and that the motion to withdraw Reesman's guilty plea pertained to Case 2. The trial court reviewed the record and email representations by counsel,

---

[1] Reesman also made a motion to modify the acting commissioner's ruling, motion for appointment of counsel, motion to order the Clark County sheriff to investigate, and motion to join by nexus, which all were denied.

2

and it dismissed Reesman's PRP with prejudice. The trial court did not conduct a hearing on the issue.

Reesman appeals.

## ANALYSIS

A.    MOTION TO WITHDRAW GUILTY PLEA

Reesman argues that the trial court's order denying his motion to withdraw his guilty plea should be vacated and the case remanded because the trial court failed to comply with CrR 7.8's requirements. The State concedes that the trial court erred. We accept the State's concession.

If a motion to withdraw a plea is made after the judgment, it is governed by CrR 7.8(b). *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 595, 602, 316 P.3d 1007 (2014). CrR 7.8(c) establishes the procedure for addressing CrR 7.8(b) motions:

> (2) *Transfer to Court of Appeals.* The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

> (3) *Order to Show Cause.* If the court does not transfer the motion to the Court of Appeals, it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.

Accordingly, the trial court may rule on the merits of a CrR 7.8(c) motion only when the motion is timely filed and either (a) the defendant makes a substantial showing that he is entitled to relief, or (b) the motion cannot be resolved without a factual hearing. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). If these prerequisites are absent, the trial court must transfer a timely petition to the Court of Appeals for consideration as a PRP. *Id.*

Here, the trial court did not find that the motion was timely filed, that Reesman made a substantial showing that he was entitled to relief, or that the motion could not be resolved

3

without a factual hearing. Nevertheless, the trial court denied Reesman's motion to withdraw his guilty plea on the merits. Under CrR 7.8(c)(2), the trial court did not have the authority to decide the motion on the merits. Accordingly, the trial court erred.

We vacate the trial court's order and remand to the trial court to enter an order complying with CrR 7.8(c).

B. SAG Assertions

1. Claims Outside the Scope of Review

Reesman asserts several claims in his SAG challenging the conduct of his defense counsel, the prosecutor, and the trial court in Case 1.[2] RAP 10.10(a) states that in a criminal case on direct appeal "the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters related to *the decision under review that* the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel." (Emphasis added.) We decline to address the claims relating to Case 1 because they are outside the scope of this court's review of Reesman's challenge of his post-conviction PRP motion to withdraw his guilty plea in Case 2.

---

[2] Reesman argues that (1) his attorney coerced him into waiving his right to a jury trial by threatening to shoot him, which the trial court allowed; (2) his attorney obstructed justice and committed the crime of assault when he threatened to shoot Reesman; (3) defense counsel, the prosecutor, and the trial court denied Reesman due process of law and a fair trial by allowing his defense counsel to threaten to shoot Reesman in open court; (4) the trial court erred in failing to sua sponte order an inquiry into Reesman's mental competency to stand trial; (5) the trial court obstructed justice and was an "actor" in Reesman's assault when it allowed Reesman's attorney to threaten to shoot him; (5) his guilty plea was not knowing, intelligent, or voluntary due to mental illness; and (6) his jury waiver and guilty plea were unconstitutional in light of the alleged threat to shoot Reesman. SAG at 4.

2.   Ineffective Assistance of Counsel

Reesman argues that his defense counsel provided ineffective assistance because he collaborated with the trial court when he emailed the trial court. We disagree.

To prevail on his ineffective assistance of counsel claim, Reesman must show that (1) his attorney's performance was deficient, and (2) that deficiency was prejudicial. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). An attorney's performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 33. Such deficient performance is prejudicial if there is a reasonable probability that the result of the proceedings would have been different in its absence. *Id.* at 34.

In June 2014, Reesman's defense counsel submitted an email to the trial court stating the following about Reesman's motion to withdraw his guilty plea: (1) Reesman's motion appeared to argue that he wanted to withdraw his guilty plea entered in Case 2; (2) Reesman pled guilty to the offense in Case 2, which ran concurrent to Reesman's sentence under Case 1; (3) Reesman based his argument for withdrawing his guilty plea on the basis that his attorney forced him to waive his right to a jury trial; (4) Reesman waived his right to a jury trial relating to the charges in Case 1; and (5) the purported justification for the withdrawal of Reesman's guilty plea did not exist in Case 2. Based on his review of the record, defense counsel wanted to know how the trial court wanted to proceed.[3]

Reesman argues that his counsel's conduct in emailing the trial court and explaining that the basis of Reesman's motion to withdraw his guilty plea was not in accordance with the facts

---

[3] It appears that this email was an ex parte communication with the trial court. We do not endorse or approve ex parte contacts. Reesman's argument goes to the substance, not the circumstances of sending the email. Therefore, we do not address whether sending the email was appropriate.

was deficient representation. This argument seems to suggest that defense counsel should have either deliberately or by silence misrepresented the facts underlying Reesman's guilty plea in Case 2. This suggestion is directly contrary to an attorney's duty of candor to the court, which obligates an attorney to inform the court of a client's allegations that the attorney believes to be false. RPC 3.3(a)(2) ("A lawyer shall not knowingly . . . fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client."). The failure of defense counsel to misrepresent the facts to the court is not deficient performance.

We hold that Reesman's ineffective assistance of counsel claim fails.[4]

3.   Claim of Trial Court Collaboration

Reesman argues that the trial court collaborated with Reesman's defense counsel and obstructed justice under RCW 9A.72.110(1) when it dismissed Reesman's PRP petition in violation of his due process rights. Reesman fails to demonstrate the existence of any such collaboration. Therefore, we hold that this claim fails. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (the burden is on the appellant alleging ineffective assistance of counsel to establish deficient representation based on the record established in the proceedings below).

4.   Cumulative Error

Reesman contends that the cumulative error doctrine entitles him to relief because the combined effect of the alleged errors denied him a fair trial. We disagree.

---

[4] Reesman also argues that his attorney's email was a conflict of interest, a manifest constitutional error, and a due process violation. There is no evidence in the record to support these contentions. We decline to address these claims further. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Under the cumulative error doctrine, the court may reverse a defendant's conviction when the combined effect of trial errors effectively denies the defendant his or her right to a fair trial, even if each error alone would be harmless. *State v. Weber*, 159 Wn.2d 252, 279, 149 P.3d 646 (2006). The defendant bears the burden to show multiple trial errors and that the accumulated prejudice from those errors affected the outcome of his or her trial. *In re Pers. Restraint of Cross*, 180 Wn.2d 664, 690, 327 P.3d 660 (2014). Because Reesman has failed to show any prejudicial errors affecting his conviction, we hold that Reesman failed to show that the accumulated prejudice of multiple trial errors affected the outcome of his trial.

We reverse the trial court's order denying Reesman's motion to withdraw his guilty plea and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

MELNICK, J.

7