FILED
COURT OF APPEALS
DIVISION II

2015 JUL 28 AM 8: 26

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46247-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RANDY COY HENDERSON, | |
| Appellant. | |

BJORGEN, A.C.J. — Randy Henderson appeals from the denial of his CrR 7.8(b) motion

for relief from his conviction for aggravated first degree murder. In 1996, he was convicted of

aggravated first degree murder and first degree felony murder. In 2000, we affirmed his

convictions and denied his personal restraint petition. After a number of other postconviction

proceedings, on January 10, 2014, the Washington State Supreme Court issued the following

order:

> Department II of the Court, composed of Chief Justice Madsen and
> Justices Owens, J.M. Johnson, Wiggins and Gordon McCloud, considered this
> matter at its January 7, 2014 Motion Calendar. The personal restraint petition
> challenges Mr. Henderson's convictions for aggravated first degree murder and
> felony first degree murder of the same victim. The State has correctly conceded
> that the Petitioner's two murder convictions based on the same act violate double
> jeopardy principles, and that therefore the Petitioner is entitled to vacation of the
> lesser of the two convictions. Accordingly, the Department unanimously agreed
> that the following order be entered.
> IT IS SO ORDERED:

The personal restraint petition is granted and the case is remanded to the trial court with directions to vacate the Petitioner's felony murder conviction.

Clerk's Papers (CP) at 63.

On January 24 and 31, 2014, Henderson filed pro se motions for relief from judgment, under CrR 7.8(b), and for a new trial, under CrR 7.5. In those motions, Henderson argued that public trial violations had occurred during his trial and that disparity of his sentence with that of his co-participants violates equal protection.

The trial court did not issue a written ruling on Henderson's CrR 7.5 and 7.8(b) motions. It ruled orally as follows:

And that that lapse of time [13 years since Henderson's judgment was final] that this is time barred and it is simply not -- not timely under the rules and I'm not going to . . . allow -- so under that, the Court -- I am finding that it is not timely and that under the court rules, that 7.5, 7.8, that there is absolutely no basis in which I could find that it would be reasonable to now reopen this case.

Report of Proceedings (Apr. 24, 2014) at 10-11.

The trial court entered the following order modifying the judgment and sentence:

Per the decision of the Supreme Court of Washington dated January 8, 2014, the defendant's Felony Murder Conviction in paragraph 2.1 of the judgment and sentence filed March 26, 1996 is now vacated, all other provision[s] of this judgment and sentence shall remain in full force and effect.

CP at 132.

Henderson argues, and the State concedes, that the trial court erred by denying his CrR 7.8(b) motion as untimely, rather than transferring that petition to us to be considered as a personal restraint petition, as CrR 7.8(c) directs. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). We accept the concession and remand to the trial court with instructions to vacate the ruling denying the CrR 7.8(b) motion and to transfer that motion to us to be

2

considered as a personal restraint petition. In light of resolution of his appeal, we need not address Henderson's statement of additional grounds.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Bjorgen, A.C.J._

BJORGEN, A.C.J.

We concur:

_Worswick, J._

WORSWICK, J.

_Maxa, J._

MAXA, J.

3