IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32016-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — The trial court denied John Johnson's CrR 7.8(b) motion, his fourth collateral attack on a 2003 conviction for second degree murder. Because the rule required the trial court to transfer the motion to this court for consideration as a personal restraint petition (PRP), we remand this case to the trial court for that action.

PROCEDURAL HISTORY

A jury found Mr. Johnson guilty of second degree murder of his wife in 2003 and the court sentenced him to 220 months' incarceration. This court affirmed in an unpublished opinion noted at *State v. Johnson*, 127 Wn. App. 1033 (2005). He subsequently filed two personal restraint petitions that chief judges of this court dismissed in 2007 (case no. 25090-3-III) and 2012 (case no. 29882-5-III).

Mr. Johnson filed the current case in Kittitas County Superior Court as a CrR 7.8 motion in July 2013, alleging that his conviction was facially invalid and seeking relief from the judgment on several bases. He requested a hearing for August 5, 2013, and

waived his presence at that hearing conditioned on the prosecutor not being able to respond to the motion. Due to the deputy prosecutor's vacation, the hearing was continued to August 19, 2013. At that hearing the deputy prosecutor indicated that she wanted to respond to the motion and had prepared an order of transport for the court to return Mr. Johnson from prison for a hearing on the motion.

Instead, the trial court dismissed the motion. The court's subsequent written order indicated that the order was denied on the pleadings without input from the prosecution. Mr. Johnson then filed an appeal to this court. Counsel was appointed, the matter briefed, and the case was considered by a panel of this court without oral argument.

## ANALYSIS

This appeal raises two[1] issues, but we need only address one of them since it is dispositive.[2] The trial court erred by dismissing the action without first finding it timely.

The governing rule is CrR 7.8(c)(2). As amended in 2007, it provides:

> (2) *Transfer to Court of Appeals.* The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial

---

[1] Mr. Johnson also filed a pro se statement of additional grounds that we do not address in light of our disposition.

[2] While we need not discuss the issue at any length, we disagree with the argument that a trial court engages in ex parte contact by denying a motion in open court when only one side is present. Regardless, the trial court has no discretion in complying with a mandate of this court, so the trial judge is under no disability limiting his ability to act upon our remand order.

2

showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Prior to the 2007 amendment, the first sentence of former CrR 7.8(c)(2) (2003) stated: "The court may deny the motion without a hearing if the facts alleged in the affidavits do not establish grounds for relief."

The current version of CrR 7.8(c)(2) expressly requires the trial court to transfer a motion for relief from judgment to this court for consideration as a PRP unless two conditions are met: (1) the motion is timely ("is not time barred") and either (2)(a) a substantial showing of entitlement to relief has been made or (2)(b) a factual hearing is required. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). If either condition is not satisfied, the trial court must transfer the matter. *Id.* The record does not establish that the trial court found both of those conditions were met here.

The primary problem is that the trial court never found that the motion had been timely filed. For purposes of RCW 10.73.090, the judgment in this case became final in 2006. The 2013 filing of this motion came well after the one year limitation period contained in that statute.[3] Although one of the bases for relief identified a possible

---

[3] In addition to complying with RCW 10.73.090-.100, CrR 7.8(b)(2) also requires a motion to be brought within either a reasonable time or within one year (depending on the basis for the motion) as well as comply with RCW 10.73.130-.140. Thus, for a person in Mr. Johnson's position who has filed a collateral attack after previously having done so, the petitioner must do more than show that the motion is timely under RCW 10.73.090-.100.

3

No. 32016-2-III
*State v. Johnson*

exception to the time bar found in RCW 10.73.100, the other bases merely assert errors that do not constitute statutory exceptions. In addition, the motion did not attempt to satisfy the timeliness requirements of CrR 7.8(b).

The trial court not having found the motion to have been timely filed, and the record not establishing that the court could find the motion timely, we remand this matter to the superior court with directions that it transfer the motion to this court for consideration as a personal restraint petition. CrR 7.8(c)(2).

It is so ordered.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

                                               _____
                                                       Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

4