# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47000-4-II |
| Respondent, | |
| v. | |
| JEROME CEASAR ALVERTO, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jerome Ceasar Alverto appeals from the trial court's order denying his CrR 7.8 motion for new trial. Concluding that the trial court failed to follow CrR 7.8(c)(2), we reverse its order and remand.

On September 12, 2008, the trial court entered a judgment and sentence finding Alverto guilty of attempted first degree murder, first degree burglary and first degree robbery. We affirmed his convictions on direct appeal and issued our mandate on February 22, 2011. On July 29, 2014, Alverto filed a pro se CrR 7.8 motion for new trial in the trial court, asserting newly discovered evidence, fabricated evidence and ineffective assistance of counsel.[1] On November 26, 2014, the trial court entered the following order:

---

[1] Alverto had filed an earlier pro se motion for new trial under CrR 7.8, which the trial court transferred to us to be considered as a personal restraint petition. Alverto then voluntarily withdrew his petition and we dismissed it without prejudice.

THIS MATTER having come before the Court on Defendant's Motion for New Trial, filed by Mr. Alverto on July 29, 2014, and the Court having reviewed the file, records and pleadings submitted;

IT IS HEREBY ORDERED that Defendant's Motion for New Trial is denied.

Clerk's Papers at 136.

Under CrR 7.8(c)(2), the trial court

shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Under this rule, a trial court does not have the authority to deny an untimely CrR 7.8 motion. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). It must instead transfer such a motion to us to be considered as a personal restraint petition. *Id*. Alverto's conviction became final on February 22, 2011, when we issued the mandate of his direct appeal. RCW 10.73.090(3)(b). His July 29, 2014 motion for new trial was filed more than one year after his conviction became final; therefore, it is untimely under RCW 10.73.090(1). Thus, trial court exceeded its authority when it denied Alverto's motion for new trial instead of transferring it to us to be considered as a personal restraint petition.

The State concedes that *Smith* applies to the order denying Alverto's motion for new trial, but it asks that we abandon *Smith* in favor of a rule under which we would convert a notice of appeal from a wrongly denied CrR 7.8 motion into a personal restraint petition. In order for us to abandon *Smith*, that decision must be shown to be both incorrect and harmful. *State v. Abdulle*, 174 Wn.2d 411, 415, 275 P.3d 1113 (2012). The State fails to show that *Smith* is either incorrect or harmful. The rationale for rejecting the State's proposed rule is fully discussed in *Smith*, 144

Wn. App. at 863-64, and the State's arguments for rejecting that rationale are unpersuasive. We decline to abandon *Smith*.

We reverse the trial court's order denying Alverto's CrR 7.8 motion for new trial and remand this matter to the trial court to transfer the motion to us for consideration as a personal restraint petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, P.J.

_____
Melnick, J.