# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50095-7-II |
| Respondent, | |
| v. | |
| ROBERT LUCAS WOODWARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Robert Lucas Woodward appeals the trial court's denial of his motion to vacate his sentence for two counts of first degree child molestation and one count of first degree rape, arguing that CrR 7.8(c)(2) required the trial court to transfer his motion to this court as a personal restraint petition (PRP). The State concedes that the trial court did not comply with CrR 7.8(c)(2). We accept the State's concession, vacate the trial court's order, and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

## FACTS

In 2011, the State charged Woodward with two counts of first degree child molestation and one count of first degree rape of a child for incidents involving his two step grandchildren. The jury returned guilty verdicts on all three counts. In 2014, this court affirmed his convictions in an unpublished opinion, *State v. Woodward* noted at 179 Wn. App. 1028, *review denied*, 180 Wn.2d 1023 (2014).

In February 2017, Woodward filed a CrR 7.8 motion to vacate his sentence. The trial court denied the motion as untimely. Woodward appeals.

ANALYSIS

Woodward argues that the trial court's order denying his motion to vacate his sentence should be vacated and the case remanded because the trial court failed to comply with CrR 7.8's requirements. The State concedes that the trial court erred. We accept the State's concession.

A motion to vacate a sentence is governed by CrR 7.8. *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 595, 602, 316 P.3d 1007 (2014). CrR 7.8(c)(2) establishes the procedure for addressing CrR 7.8 motions:

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Accordingly, the trial court may rule on the merits of a CrR 7.8 motion only when the motion is timely filed and either (a) the defendant makes a substantial showing that he is entitled to relief, or (b) the motion cannot be resolved without a factual hearing. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). If these prerequisites are absent, the trial court must transfer the motion to the Court of Appeals for consideration as a PRP. *Id.*

Here, the trial court found the motion was time barred. Under CrR 7.8(c)(2), the trial court did not have the authority to decide the motion and, instead, was required to transfer the motion to this court as a PRP. Accordingly, the trial court erred.

No. 50095-7-II

We vacate the trial court's order and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Melnick, J.

3