# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49807-3-II |
| Respondent, | |
| v. | |
| LARRY DWAYNE BLACKWELL, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J. — Larry Dwayne Blackwell appeals the superior court's order on his CrR 7.8 motion to vacate his 2005 guilty plea.  Because the superior court failed to either consider all of the issues raised in the CrR 7.8 motion or to transfer the remaining issues in the CrR 7.8 motion to this court under CrR 7.8(c)(2), we remand this matter back to the superior court for further action consistent with this opinion.

## FACTS

### I. BACKGROUND

After being convicted of attempting to elude a pursuing police vehicle, Blackwell was serving time on a work crew.  When Blackwell failed to comply with the work crew schedule, the State charged him with first degree escape.

Blackwell pleaded guilty to first degree escape.  The superior court entered the judgment and sentence on May 11, 2005.  The judgment and sentence incorrectly stated that Blackwell had been convicted of first degree escape under RCW 9A.76.100(1) (compounding), rather than RCW 9A.76.110(1) (first degree escape).  Blackwell did not appeal from this conviction.

## II. CrR 7.8 Motion

In September 2016, more than 11 years after his conviction, Blackwell filed a CrR 7.8 motion to vacate his guilty plea. In this motion, he argued that (1) the one-year time-bar under RCW 10.73.090 did not apply to his motion because the erroneous reference to RCW 9A.76.100(1) rendered the judgment and sentence facially invalid, (2) the judgment and sentence was also facially invalid because first degree escape was not a crime at the time of the offense, (3) he pleaded guilty to a crime that was not charged in the information, and (4) the guilty plea lacked a sufficient legal and factual basis.

The superior court ordered the State to respond to Blackwell's CrR 7.8 motion. In its response, the State acknowledged the scrivener's error. But it argued that the elements of the crime stated in the plea documents were correct.

On October 7, the superior court entered an order correcting the scrivener's error. The October 7 order did not, however, address whether Blackwell's other arguments were time-barred or the merits of those arguments.

On November 7, Blackwell filed a notice of appeal. Then, on November 29, Blackwell filed a pro se motion for reconsideration of the October 7 order. In the motion for reconsideration, Blackwell argued, inter alia, that the superior court had failed to address all of the issues he raised in the CrR 7.8 motion. He asked the superior court to reconsider its decision, to address all of the issues in his motion, to provide him a copy of the State's response, and to appoint counsel or allow him to reply to the response "Before Direct Appeal." Clerk's Papers (CP) at 68.

The superior court entered an order purporting to transfer the motion for reconsideration to this court for consideration as a personal restraint petition (PRP) under CrR 7.8(c)(2). A

commissioner of this court rejected the CrR 7.8 transfer because the superior court was attempting to transfer Blackwell's motion for reconsideration, not a CrR 7.8 motion. In the ruling, the commissioner stated the superior court needed to either (1) vacate any existing order addressing the CrR 7.8 motion and transfer the CrR 7.8 motion to this court or (2) rule on the motion for reconsideration so the appeal of the October 7, 2016 order could proceed.

In response to our commissioner's ruling, the superior court entered an order denying the motion for reconsideration. The order stated,

> The court having considered the motion for reconsideration and objection filed by defendant 11-29-2016, and the Division 2 Commissioner['s ruling] rejecting a transfer of the defendant's motion as a PRP and directing this court to enter an order, and this Court having statutory authority to correct a scrivener error in a Judgment and Sentence, having done so.
> It is Ordered that the motion for reconsideration is denied.

CP at 75. This order did not address the portion of the CrR 7.8 motion challenging the guilty plea. Blackwell filed a second notice of appeal challenging the October 7, 2016 ruling.[1]

## ANALYSIS

Blackwell argues that the superior court erred because (1) the judgment and sentence, when considered in conjunction with the plea documents, is facially invalid so the CrR 7.8 motion was not time-barred, and (2) his guilty plea was invalid because he pleaded guilty to not returning to the work crew, which he characterizes as an alternative, uncharged means of escaping from custody.[2] This matter must be remanded to the superior court.

---

[1] The notice of appeal refers to an October 6, 2017 order. But that reference is clearly to the October 7, 2016 order on the CrR 7.8 motion to vacate.

[2] We note that Blackwell does not argue that the superior court erred when it corrected the scrivener's error in his judgment and sentence.

The superior court erred when it addressed only the scrivener's error in the judgment and sentence and failed to either address all of the issues in the CrR 7.8 motion in its October 7, 2016 order or transfer the remaining issues to this court under CrR 7.8(c)(2).[3] Thus, we remand this matter back to the superior court for further action consistent with this opinion. On remand, the superior court must consider the remaining issues in the CrR 7.8 motion and either address those issues or transfer the motion to this court pursuant to CrR 7.8(c)(2) and *State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

BJORGEN, J.

SUTTON, J.

---

[3] Because the superior court never ruled on the substantive issues raised in the CrR 7.8 motion, we do not address them on the merits at this time.

4