# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52187-3-II |
| Respondent, | |
| v. | |
| GARY MICHAEL LARSON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J. — Gary Michael Larson pleaded guilty in 2011 to two counts of first degree rape of a minor. His judgment and sentence included multiple community custody conditions.

In 2017, Larson filed a motion in the Clallam County Superior Court, seeking to modify his judgment and sentence to permit contact with his minor son. The trial court denied Larson's motion at a hearing in February 2018 and declined to rule on the merits, holding that the motion was time-barred under RCW 10.73.090. Larson now appeals the trial court's denial of his motion.

We hold that the trial court erred under CrR 7.8(c)(2) by denying Larson's motion instead of transferring it to this court as a personal restraint petition (PRP). Accordingly, we reverse and remand for the trial court to adhere to the procedure set forth under CrR 7.8.

## FACTS

In 2011, Larson pleaded guilty in Clallam County Superior Court to two counts of rape of a minor. Larson's sentence included a number of community custody conditions. These conditions included, among others, a prohibition against direct or indirect contact with minor children unless authorized by the Department of Corrections and a prohibition against "enter[ing] into,

frequent[ing] or loiter[ing] at places where children tend to congregate" without authorization from his community custody officer (CCO).  Clerk's Papers (CP) at 67.  Larson was also ordered not to possess devices capable of accessing the internet unless approved by his CCO, and he was prohibited from accessing the internet without authorization from his CCO.

Larson has a nine-year-old son.  In 2012, when the child was two years old, a corrections officer in the prison learned that Larson had been writing letters to his son. The corrections officer notified Larson that his judgment and sentence prohibited him from contacting minors and told Larson that he was "not to have any contact with [his son] unless [the sentencing condition] is changed in the courts."  CP at 34.

Larson filed a motion to modify his judgment and sentence to allow him to contact his son. Although Larson did not characterize his motion as one made under CrR 7.8, it was clear that he was requesting modification of his judgment and sentence. The State's response reflected that it understood Larson's motion to be subject to CrR 7.8.

The trial court found that Larson's motion was time-barred under RCW 10.73.090 because his motion was filed more than one year after his judgment and sentence became final.  The court noted that Larson could appeal the denial of the motion. The court also signed an order holding that "[t]he [d]efendant's Motion to Modify his Judgment and Sentence is denied due to it being time-barred."  CP at 8.  The trial court did not transfer the motion to this court for consideration as a PRP.

In this appeal, Larson argues that four of his sentencing conditions are exempt from the one year time bar under RCW 10.73.090(1) because they are unconstitutional and thereby facially

invalid. He requests that this court strike these conditions and remand to the trial court to enter new constitutional sentencing conditions.

ANALYSIS

Under CrR 7.8(c)(2), a trial court

> shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Washington case law has further elaborated that CrR 7.8(c)(2) prohibits a trial court from entering an order *denying* or *dismissing* a motion on time-bar grounds. *See State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). Under CrR 7.8 and *Smith*, if a trial court determines that a CrR 7.8 motion is untimely, its only option is to *transfer* the case to the Court of Appeals as a PRP.

In *Smith*, the trial court entered an order denying the defendant's motion to vacate his judgment, holding that "'pursuant to CrR 7.8 and RCW 10.73.090, [the defendant's] motion is untimely.'" *Id.* at 862. The *Smith* court declined to "simply convert the notice of appeal to a personal restraint petition as a way of preserving judicial resources," because doing so "could infringe on [the defendant's] right to choose whether he wanted to pursue a personal restraint petition." *Id.* at 863-64.

In this case, after concluding that Larson's motion was time-barred under RCW 10.73.090, the trial court verbally ruled that it was dismissing the case and proceeded to sign a written order denying Larson's motion because it was time-barred. The record reflects the following exchange among the court, Larson, and the State:

The Defendant: Okay, uh, also, Your Honor, regarding the time bar?

The Court: Yes?

. . . .

The Defendant: And so that means that it -- now, I don't know the procedure on this, so I've got to kind of ask because -- forgive my ignorance, um, now the debates on the decision, does this get pushed to the appeal court because of the time bar?

The Court: You can -- you can certainly try and file a notice of appeal with them--

[The Prosecutor]: I -- I think it would be a personal restraint petition would be --

The Court: However you characterize, whether it's an appeal, which again only has 30 days, a personal restraint petition, the collateral attack is one year.

So, yeah, to the extent that the Court's making a ruling now, that's an appealable - for lack of a better word - decision, and you have the ability to attempt to get it before the appellate courts.

The Defendant: Okay.

The Court: All right. And I'm signing a minute order that provides, the Defendant's motion to modify his judgment and sentence is denied due to it being time barred.

Verbatim Report of Proceedings (Feb. 28, 2018) at 31-34. The court's written order reflects the same reasoning, stating, "The [d]efendant's Motion to Modify his Judgment and Sentence is denied due to it being time-barred." CP at 8.

The proper procedure under CrR 7.8(c)(2) would have been for the trial court to enter an order transferring the case to this court as a PRP and to alert Larson to the collateral consequences of doing so. *See Smith*, 144 Wn. App. at 863-64. Neither the court's written order nor the exchange on the record reflects an intent to transfer the case as a PRP. Accordingly, following *Smith*, and

No. 52187-3-II

without reaching the merits of Larson's arguments, we reverse the trial court's denial of Larson's motion, and remand for the trial court to adhere to the procedure established in CrR 7.8.[1] Consistent with *Smith*, remanding rather than converting his appeal to a PRP will allow Larson to decide how to proceed in light of the collateral consequences, such as RCW 10.73.140's successive petition bar, that arise from filing a PRP.

We reverse and remand to the superior court to adhere to the procedure in CrR 7.8.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.

---

[1] This case is distinguishable from *State v. Bartz*, No. 35931-0-III, slip op. at 3-4 (Wash. Ct. App. June 6, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/359310_unp.pdf, in which Division Three declined to follow *Smith* and instead converted the CrR 7.8 appeal to a PRP. In *Bartz*, the State requested that Division Three convert the appeal to a PRP and the appellant did not object. *Id.* at 4. By contrast, in this case, neither Larson nor the State has requested that this court convert Larson's appeal to a PRP. Larson has not received notice or an opportunity to address whether he would like his appeal to be converted to a PRP.