# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of the Personal Restraint of: | No. 54654-0-II |
| GEOFF SAGUN, | UNPUBLISHED OPINION |
| Petitioner. | |

SUTTON, J. — A jury convicted Geoff Sagun of three counts of first degree child molestation and one count of indecent liberties with forcible compulsion.  As a condition of his sentence, the trial court imposed a lifetime no-contact order regarding the victim and prohibited contact with all minors under the age of 18.  Sagun appealed his judgment and sentence and this court affirmed.[1]  He then filed a CrR 7.8(a) motion claiming that the trial court made a clerical error when it included a condition that prohibited his contact with all minors, including his son. The trial court denied Sagun's motion on the basis that it did not make a clerical error, rather than transferring this case to this court as a personal restraint petition (PRP).

Sagun now appeals the trial court's denial of this motion.  For the first time on appeal, he also argues that the sentencing condition prohibiting contact with all minors unreasonably infringes on his fundamental constitutional right to parent and that it is not crime-related.

---

[1] Ruling Terminating Review, *State v. Geoff Seth Ryan Sagun*, No. 46005-0 (Wash. Feb. 25, 2015). Clerk's Paper's at 34.

We hold that the trial court erred by not transferring Sagun's case to this court as a PRP, and we convert this matter for consideration as a PRP. Because Sagun was sentenced in 2014 and did not file this CrR 7.8 motion until 2020, we hold that the PRP is time barred under RCW 10.73.090 and he fails to cite to any exceptions to the time bar under RCW 10.73.100. Further, we hold that his new arguments on appeal are also untimely. Thus, because we hold that his petition is untimely, we dismiss this petition.

FACTS

A jury convicted Sagun of three counts of first degree child molestation and one count of indecent liberties with forcible compulsion. In 2014, the trial court sentenced Sagun to 198 months to life on the first degree child molestation convictions and 300 months to life on the indecent liberties with forcible compulsion conviction, and the court imposed a lifetime term of community custody.

As a condition of his sentence, the trial court imposed a lifetime no-contact order regarding the victim. The court also imposed a condition that stated:

> You shall not have any contact with minors. This provision begins at the time of sentencing. This provision shall not be changed without prior written approval by the community corrections officer, the therapist, the prosecuting attorney, and the court after an appropriate hearing.

Clerk's Papers (CP) at 28. We affirmed his judgment and sentence and mandated the case on November 17, 2015.

On February 25, 2020, Sagun filed a CrR 7.8(a) motion in the superior court, arguing that the trial court made a clerical error when it prohibited him from contact with all minors. He also argued below that the trial court intended to insert an exception to this prohibition so that he could

have supervised visits with his minor son. The trial court judge that decided Sagun's motion was the same judge who sentenced him. The trial court ruled that the imposition of this sentencing condition was not a clerical error and denied Sagun's motion.

The superior court made no determinations under CrR 7.8(c)(2) as to whether Sagun's motion was time barred by RCW 10.73.090 or whether Sagun had made a substantial showing that he was entitled to relief.

Sagun appeals the trial court's order.

ANALYSIS

A CrR 7.8 motion for relief from judgment is a collateral attack, subject to statutory time limitations. RCW 10.73.090(1)-(2). A CrR 7.8 motion must be brought within one year of the judgment becoming final unless one of the exceptions specified in RCW 10.73.100 apply.

A trial court does not have authority to rule on a CrR 7.8 motion in all circumstances. CrR 7.8(c)(2) provides:

> The court *shall transfer* a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

CrR 7.8(c)(2). (Emphasis added.)

The trial court here did not transfer this case to us as a PRP. Nor did it determine that the CrR 7.8(a) motion was timely filed, that Sagun made a substantial showing that he was entitled to relief, or that the motion could not be resolved without a factual hearing as required under the rule. Instead, the court denied Sagun's motion.

We have the authority to convert this appeal to a PRP, although we recognize that such a conversion may infringe on a defendant's right to choose whether he wanted to pursue a PRP. *State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008). In the interest of judicial economy, we exercise our discretion to convert this case to a PRP.

A collateral attack on a sentence must not be "filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Sagun's motion was filed more than one year after his judgment became final. A petitioner can overcome the one-year time bar under RCW 10.73.100 when a petition is based on one of the following exceptions:

> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
>
> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
>
> (3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
>
> (4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
>
> (5) The sentence imposed was in excess of the court's jurisdiction; or
>
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Sagun does not argue that any of these exceptions apply. Because Sagun was sentenced in 2014, he did not file this CrR 7.8 motion until 2020, and he fails to argue that any exceptions to

No. 54654-0-II

the time bar under RCW 10.73.100 apply, we hold that this collateral attack is time barred under RCW 10.73.090. Further, his new arguments on appeal are also untimely for the same reasons. Thus, because we hold that his petition is untimely, we dismiss this petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

WORSWICK, J.