IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON<br><br>                 Respondent,<br><br>        v.<br><br>JOEL WHITE,<br><br>                Appellant. | No. 84664-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Joel White appeals from the denial of a CrR 7.8 motion to modify or correct his 2013 judgment and sentence. While White is correct that the court erred in failing to transfer his motion to this court as a personal restraint petition (PRP), the remedy is to now convert his appeal to a PRP rather than remanding the motion to the trial court as he requests. Having considered his challenge under the Rules of Appellate Procedure for PRPs, we dismiss his petition as both untimely and successive.

FACTS

In 2013, White entered a guilty plea to one count of burglary in the second degree and one count of assault in the third degree. As part of his plea agreement, White agreed that grounds existed to support an exceptional sentence above the standard range. He was sentenced to 180 months in custody based on his criminal history, which includes a 1982 conviction for assault in the second degree that was

vacated in 1984 after a successful appeal.[1]  However, in 1985, after the case was remanded to the trial court, White entered a guilty plea to the same underlying charge as originally filed in the 1982 case, but without a sentencing enhancement. In 2022, White filed a CrR 7.8 motion to modify or correct the 2013 judgment and sentence (J&S), arguing that the superior court improperly calculated his offender score by including the conviction from the 1982 case.  The superior court denied White's motion without analysis or calling for a response from the State.

White timely appealed.

## ANALYSIS

White assigns error to the denial of his CrR 7.8 motion, arguing the court should have called for a response to his motion from the State and performed the analysis set out in the rule.  He also raises a number of other challenges in a statement of additional grounds for review.  CrR 7.8(c)(2) requires the court to "transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090."  *See also State v. Molnar*, 198 Wn.2d 500, 509, 497 P.3d 858 (2021) ("[I]f the superior court determines that the collateral attack is untimely, then the court *must* transfer it to the Court of Appeals without reaching the merits." (emphasis added)).  RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."  It further defines "collateral

---

[1] *State v. White*, noted at 39 Wn. App. 1013 (1984).

attack" as "any form of postconviction relief other than direct appeal." RCW 10.73.090(2).

White's motion was a collateral attack on his 2013 J&S and was filed over nine years after the judgment became final.[2] Thus, RCW 10.73.090 bars White's CrR 7.8 motion and removes the trial court's discretion to hear it. Given this procedural posture, the State properly concedes that the court's denial of the motion without transferring it to this court as a PRP was erroneous. The State contends, however, that the remedy White expressly seeks in this appeal, remand to the superior court for proper consideration under CrR 7.8, is a waste of judicial resources as the court would be required to immediately transfer the motion directly back to this court. We agree. Accordingly, we exercise our discretion to consider White's motion as a PRP.[3]

I.      Timeliness

Generally, a defendant may not raise a collateral attack on a J&S more than one year after the judgment becomes final, including through a personal restraint petition. RCW 10.73.090(1). A judgment is final either on the date that it is filed with the trial court clerk or the date that the appellate court disposes of a timely direct appeal from conviction, whichever is later. RCW 10.73.090(3). The

---

[2] White did not appeal from this conviction; therefore, it became final upon entry on July 12, 2013. His CrR 7.8 motion was filed on August 5, 2022.

[3] White did not submit a brief in reply, but instead made a strategic decision not to counter the State's argument regarding conversion of the CrR 7.8 motion for this panel's consideration as a PRP. Accordingly, he offered no analysis of the applicability of *State v. Smith*, which considered the collateral consequences of conversion to a PRP where the restrained person had not previously filed one. 144 Wn. App. 860, 184 P.3d 666 (2000).

The State properly notes, and we agree, that *Smith* is not applicable here as White has already filed a number of PRPs before this case, several of which were dismissed as successive.

petitioner bears the burden of demonstrating that their request for relief is timely or that an exception to the time bar under RCW 10.73.100 applies. *See In re Pers. Restraint of Quinn*, 154 Wn. App. 816, 832, 226 P.3d 208 (2010).

White does not deny that his collateral attack on the J&S was filed after the one-year time limit and he does not assert that any statutory exception to the time bar applies. *See* RCW 10.73.100 (establishing exceptions to the one-year time bar). His petition is therefore "clearly barred" as untimely and we dismiss it "without requesting a response." RAP 16.8.1(b).

II.     Successive Petitions

White's petition is also successive. If an individual has previously filed a PRP, this court "will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition." RCW 10.73.140. White filed PRP No. 79773-5-I in March 2019, attacking the 2013 conviction at issue here, though it raised a different challenge than the one now presented. That petition was dismissed as untimely on August 29, 2019.[4] More critically, White has filed four previous collateral attacks regarding his conviction in the 1982 case specifically, or its purportedly improper inclusion in the calculation of his offender score for later convictions (the very same issue before us now):

- No. 81916-0-I, filed September 28, 2020 and dismissed as untimely on December 15, 2020;[5]

---

[4] Washington State Supreme Court denied motion for discretionary review on January 15, 2020.

[5] Washington State Supreme Court denied motion for discretionary review on February 2, 2021.

- No. 83547-5-I, filed January 4, 2022 and dismissed as untimely, successive, and clearly frivolous on March 11, 2022;

- No. 84663-9-I, filed November 1, 2022 and dismissed as untimely and frivolous on May 31, 2023;[6] and

- No. 84967-1-I, filed February 13, 2023 and dismissed as untimely and successive on May 24, 2023.[7]

Two of those prior PRPs, Nos. 81916-0-I and 83547-5-I, attacked the 1982 case by first seeking an order vacating that conviction and, later, presenting a motion to withdraw the guilty plea he ultimately entered in that case. The remaining two PRPs, Nos. 84967-1-I and 84663-9-I, present identical claims to the question raised here; White sought correction of the J&S issued in convictions from incidents arising in 1989 and 2012, asserting that the conviction from the 1982 case was improperly included in the calculation of his offender score in each of those subsequent cases. In fact, in the order dismissing his PRP in No. 84967-1-I, this court expressly noted:

> White is correct that the 1982 assault conviction was reversed on appeal. *See State v. White*, No. 11689-4-I, noted at 39 Wn. App. 1013 (1984). However, the record reflects that *on remand from that appeal, White pleaded guilty to assault in the second degree [without a firearm enhancement], and a judgment was entered on that plea in 1985*. Accordingly, by including the [1982] assault conviction in his offender score when sentencing White herein in 2013, the sentencing court did not exercise a power that it did not have so as to render White's judgment and sentence facially invalid.

Order of Dismissal, *In re Pers. Restraint of White*, No. 84967-1-I, at 2-3 (Wash. Ct. App. May 24, 2023) (footnote omitted) (emphasis added). Whether the conviction

---

[6] Washington State Supreme Court denied motion for discretionary review on July 20, 2023.

[7] Washington State Supreme Court denied motion for discretionary review on June 26, 2023.

resulted from a jury trial that was later reversed on appeal, or by way of a subsequent guilty plea, the 1982 assault remains a part of White's criminal history that is properly included in the calculation of his offender score. White has already been heard on the issue and RCW 10.73.140 does not permit us to entertain it again.

White's PRP is untimely and successive and, accordingly, it is dismissed.[8]

WE CONCUR:

---

[8] In his pro se statement of additional grounds for review, White raises challenges regarding ineffective assistance of counsel, the purported violation of his plea agreement by the State, and the alleged coercion of his guilty plea. As these issues are outside of the record on appeal and, more critically, were raised and addressed in his previously filed PRP, No. 79773-5-I, we decline to consider them again here.