# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58828-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| FAULOLUA FAAGATA, JR., | |
| Appellant. | |

CHE, J. – Faulolua Faagata, Jr. appeals the trial court's denial of his CrR 7.5 motion for a new trial. Sixteen years after his jury trial, and thirteen years after his direct appeal mandated, Faagata filed a CrR 7.5 motion for a new trial arguing that the trial court committed structural error by failing to orally read the jury instructions to the jury. The trial court denied the motion.

Faagata's motion constituted an untimely collateral attack subject to the procedures of CrR 7.8. Faagata did not allege that his judgment and sentence is facially invalid, that it was not rendered by a court of competent jurisdiction, or that an exception to the time bar applied that would allow his collateral attack to be considered. As such, the trial court was required to transfer Faagata's motion, without reaching the merits, for this court to consider as a personal restraint petition. Although the trial court erred in not transferring Faagata's motion to this court, in the interest of judicial economy we convert Faagata's appeal to a personal restraint petition rather than remand to the trial court. We hold that Faagata's converted petition is untimely and dismiss it.

No. 58828-5-II

FACTS

Faagata was convicted of first degree murder in May 2007. He filed a direct appeal, and the mandate in that appeal was filed on September 14, 2010.

In April 2023, Faagata filed a CrR 7.5 motion for a new trial arguing that the trial court failed to orally read the jury instructions at his trial 16 years prior.

The transcript from the 2007 trial provides:

THE COURT: So I'll ask [my judicial assistant] to pass out the instructions. In this case there are a total of 26 instructions and there are about five possible verdict forms for various alternatives that the jury can find. Some of the instructions are given in just about every criminal case and then there are some specifically for this case. No one instruction is the key. They're all equally important.

The attorneys and I, again, have a copy of them. They've reviewed them and may discuss instructions during closing argument. I think I'll start now. Again, we have about 26 altogether.

*(The Court read the instructions.)*
* * * * *

THE COURT: So there are, ladies and gentleman, a total of 26 instructions. There are verdict forms for Count I, a lesser verdict form for Count I, a verdict form for Count II, and then there are special verdict forms for Counts I and II. You'll have those verdict forms there. They're actually fairly straightforward. There's a question, basically that you have to answer.

So, we're now ready for closing argument by the State.

Clerk's Papers at 18-19 (emphasis added).

The trial court denied the CrR 7.5 without a response from the State. Faagata appeals.

ANALYSIS

Faagata argues that the superior court erred by denying his CrR 7.5 motion for a new trial based on his contention that the trial court did not orally read the jury instructions to the jury. Faagata's motion is a collateral attack on his judgment and sentence, and it is therefore governed

2

by CrR 7.8. Because Faagata did not identify any exception to the time bar that would have allowed the trial court to consider his collateral attack, Faagata's motion should have been transferred to this court for consideration as a personal restraint petition.

A collateral attack is defined as: "any form of postconviction relief other than a direct appeal" and includes a motion for a new trial. RCW 10.73.090(2). Most collateral attacks must be brought within "one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Collateral attacks filed in superior court are governed by CrR 7.8. *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.3d 858 (2021). CrR 7.8(c)(2) requires the trial court to transfer untimely motions to this court. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). "[I]f the superior court determines that the collateral attack is untimely, then the court must transfer it to the Court of Appeals without reaching the merits." *Molnar*, 198 Wn.2d at 509.

Faagata's judgment and sentence became final on September 14, 2010, when the Supreme Court issued the mandate following his direct appeal. RCW 10.73.090(3)(b). Faagata did not file his motion for a new trial until April 17, 2023, well over one year later. Therefore, unless Faagata's motion alleged that his judgment and sentence was facially invalid, was not rendered by a court of competent jurisdiction, or was exempt from the time bar under one of grounds identified in RCW 10.73.100, the trial court should have transferred Faagata's motion to this court for consideration as a personal restraint petition under CrR 7.8(c)(2) rather than deny

No. 58828-5-II

the motion. *See* RCW 10.73.090(1), .100. Accordingly, we treat Faagata's appeal as a personal restraint petition.[1]

Faagata's sole contention is that the trial court did not orally read the jury instructions to the jury. This does not constitute a facial invalidity in the judgment and sentence, implicate the court's jurisdiction, nor implicate any of the statutory exceptions to the one-year time bar for collateral relief.

Accordingly, we vacate the trial court's order denying the CrR 7.5 motion, convert Faagata's notice of appeal to a personal restraint petition, and dismiss the petition as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, J.

Cruser, C.J.

---

[1] In *State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008), we declined to convert a notice of appeal to a personal restraint petition, holding that converting the wrongly-decided CrR 7.8 motion to a personal restraint petition could infringe on Smith's right to choose whether he wanted to pursue a personal restraint petition and trigger the successive petition rule in RCW 10.73.140. Here, there is no such concern. Faagata has previously filed two personal restraint petitions that were dismissed by this court, thus he is already subject to the successive petition rule.