IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 34165-8-III |
| JOSE LEONEL MENDEZ MONCADA, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | PUBLISHED OPINION |
| | ) | |

KORSMO, J. — This action came before a panel of this court on the respondent's

motion to modify a commissioner's ruling refusing to strike hearsay from a declaration

filed in support of a personal restraint petition (PRP). In order to provide guidance to

other petitioners, we exercise our discretion under RAP 17.6(b) to explain our ruling by

published opinion. The motion to modify is granted.

FACTS

Represented by counsel, Jose Leonel Mendez Moncada brought this current PRP

challenging his convictions for first degree child rape and attempted first degree child

molestation following a jury trial in Yakima County. This court affirmed the convictions

on appeal, but remanded the case for correction of sentencing errors. *See State v.*

*Moncada*, noted at 181 Wn. App. 1036 (2014).

The current petition alleges newly discovered evidence and ineffective assistance of counsel. In support of the second allegation, the petition included a declaration filed by private investigator Allison Taylor. Ms. Taylor related a conversation she and Mr. Moncada had with Levi Enriquez. Mr. Enriquez reportedly told them that Mr. Moncada's trial counsel had retained him as an investigator, but had not asked him to conduct any investigation. Mr. Moncada filed a declaration that contained the same information as Ms. Taylor—Mr. Enriquez claimed to have been retained, but was given nothing to investigate. There is no declaration from either Mr. Enriquez or from trial counsel, nor is there any indication that either one was asked to file a declaration.

The petition alleged that counsel conducted no investigation, pointing to the fact that trial counsel's file reflected no reports other than discovery received from the State and that the investigator told Mr. Moncada and Ms. Taylor that he had not been asked to conduct any investigation. The State moved to strike the portions of Moncada's and Taylor's declarations referencing Enriquez's statements, arguing that they constituted hearsay, and to strike the corresponding arguments in the brief in support of the PRP. In response, petitioner argued in part that the declarations could be considered in light of the decision in *In re Personal Restraint Petition of Ruiz-Sanabria*, 184 Wn.2d 632, 362 P.3d 758 (2015).

No. 34165-8-III
*In re PRP of Moncada*

Our commissioner agreed with petitioner's *Ruiz-Sanabria* argument and denied the motion to strike. The State then moved to modify the ruling and petitioner responded to the motion. A panel of judges considered the motion and the response. RAP 17.2(a)(2).

## ANALYSIS

At issue is RAP 16.7(a) and language contained in *Ruiz-Sanabria*. An understanding of the case law construction of the rule is necessary to appreciate the issue presented by the appeal.

RAP 16.7(a) identifies the contents of a PRP. With emphasis added, RAP 16.7(a)(2) provides:

> *Grounds for Relief.* <u>A statement of</u> (i) the facts upon which the claim of unlawful restraint of petitioner is based and <u>the evidence available to support the factual allegations</u>, and (ii) why the petitioner's restraint is unlawful for one or more of the reasons specified in rule 16.4(c). Legal argument and authorities may be included in the petition, or submitted in a separate brief as provided in rule 16.10(a).

*See* 180 Wn.2d 1116-17 (2014).[1] At particular issue here is the underscored language.

This rule is critical to the outcome of most PRPs, making it the subject of prior decisions. Relief will only be granted in a PRP if there is constitutional error that caused substantial actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d

---

[1] The 2014 amendments to the rule struck a former subsection (ii) and renumbered former subsection (iii), but did not alter the language at issue in subsection (i) that was at issue in the cases discussed herein.

3

400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to establish this "threshold requirement." *Id.* To do so, a PRP must present competent evidence in support of its claims. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-86, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the facts alleged would potentially entitle the petitioner to relief, a reference hearing may be ordered to resolve the factual allegations. *Id.* at 886-87. In other words, a reference hearing is used to determine the truth of the petition's allegation; it is not a discovery device to determine if there is available evidence.

The burden of evidentiary production under this rule was discussed at length in *Rice*:

> As for the evidentiary prerequisite, we view it as enabling courts to avoid the time and expense of a reference hearing when the petition, though facially adequate, has no apparent basis in provable fact. In other words, the purpose of a reference hearing is to resolve genuine factual disputes, not to determine whether the petition actually has evidence to support his allegations. Thus, a mere statement of evidence that the petitioner *believes* will prove his factual allegations is not sufficient. If the petitioner's allegations are based on matters outside the existing record, the petition must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief. If the petitioner's evidence is based on knowledge in the possession of others, he many not simply state what he thinks those others would say, but must present their affidavits or other corroborative evidence. The affidavits, in turn, must contain matters to which the affiants may competently testify. In short, the petitioner must present evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay.

*Id.* at 886 (underscored emphasis added).

No. 34165-8-III
*In re PRP of Moncada*

The court has consistently applied these evidentiary standards since *Rice*. *E.g.*, *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 479, 965 P.2d 593 (1998) (striking hearsay from evidence under consideration); *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994) (reiterating *Rice* standards).

Mr. Moncada argues that *Ruiz-Sanabria* changed these standards. He relies on the following passage from the opinion:

> The rules applicable to personal restraint petitions do not explicitly require that the petitioner submit evidence but rather the petition must identify the existence of evidence and where it may be found. *See* RAP 16.7(a)(2). That the rules are not more rigorous in this regard reflects acknowledgement that prison inmates face particular difficulties in obtaining evidence and court records, especially if they are incarcerated outside of Washington.

184 Wn.2d at 641-42.

At issue in *Ruiz-Sanabria* were the procedural questions of (1) whether the superior court had provided a sufficient record when it transferred the case to the Court of Appeals for consideration as a PRP with only a partial record and (2) whether the existing record provided the Court of Appeals with an adequate basis for dismissing the petition.[2]

*Id.* at 635-36. The court framed the overarching issue before it:

> We take this occasion to clarify the criteria a superior court must consider before transferring a postconviction motion to the Court of Appeals, the relationship between the rules governing personal restraint petitions and

---

[2] *Ruiz-Sanabria* is a per curiam decision issued without argument. 184 Wn.2d at 635.

5

evidentiary prerequisites that a petitioner must meet, and when the petitioner's allegations may require the court to consult existing court records that the petitioner has not produced.

*Id.* at 636. The court then reiterated the *Rice* standards and stated its decision:

But if the petitioner makes specific and material factual allegations within the petitioner's knowledge about court proceedings that can be answered by the State, the Court of Appeals should require a response that includes the relevant court documents. In this instance, remand to the Court of Appeals is warranted for reasons explained below.

*Id.*

In context, the entire decision concerns when a trial court record must be consulted by both the trial court and the Court of Appeals, and when those courts must produce the record in order to evaluate the petition. The quotation on which Mr. Moncada relies is found in the *Ruiz-Sanabria* opinion's discussion of whether the Court of Appeals should have called for a response from the State. The sentence immediately before the quotation reads: "Factual assertions of what occurred in court proceedings made by petitioners in support of relief are inherently 'self-serving,' but if the petitioner was present in court and had knowledge of what occurred, the better course is for the Court of Appeals to require the State to respond if the factual assertions are material and it disputes those facts." *Id.* at 641. This discussion does not involve the type of evidence necessary to justify a reference hearing; it is concerned with consulting the trial court record when a petitioner raises a material factual assertion.

6

No. 34165-8-III
*In re PRP of Moncada*

*Ruiz-Sanabria* did not overrule or modify *Rice*, a case it expressly relied on to discuss the meaning of RAP 16.7(a)(2), nor did *Ruiz-Sanabria* involve the question of admitting hearsay. Instead, it simply stands for the proposition that when petitioner can identify existing court records that are significant to consideration of the PRP, the reviewing court must consider them in some manner, including, if appropriate, having the State address the allegation in its response. *Ruiz-Sanabria* did not change the evidentiary standards for obtaining a reference hearing.[3] Hearsay remains inadmissible under *Rice* and is not a basis for granting a reference hearing or other relief.

Accordingly, we grant respondent's motion to modify the commissioner's ruling and direct that the hearsay statements be stricken from the materials in our record.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.

_____

[3] Nothing in this opinion should be read as expressing any view on the merits of the request for a reference hearing. That question will be answered in the normal course.

7