# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51260-2-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| RANDY CAPPS, | |
| Appellant. | |

GLASGOW, J. — In 1995, Randy Capps pleaded guilty to aggravated first degree murder and was sentenced to life without the possibility of release. In 2017, he brought a CrR 7.8 post-judgment motion to be resentenced, arguing that the sentencing court should have considered that he was only 20 years old when he committed the crime. The trial court denied the motion.

On appeal, Capps asserts that the trial court abused its discretion by failing to follow the procedural requirements of CrR 7.8 and either hold a show cause hearing or transfer his motion to this court for consideration as a personal restraint petition. In a statement of additional grounds for review, Capps also argues the underlying merits of his CrR 7.8 motion.

We agree that the trial court failed to follow CrR 7.8 when it denied Capps's motion. While the State invites us to convert the current appeal to a personal restraint petition and dispose of the issue on the merits, we decline. We remand to the trial court to adhere to the procedures set forth under CrR 7.8.

FACTS

In 1995, Capps pleaded guilty to aggravated first degree murder and was sentenced to life without the possibility of early release. Capps was 20 years old when he committed the crime.

In 2017, Capps filed a CrR 7.8(b)(5) motion for relief from judgment. Capps argued that he was entitled to a resentencing hearing so the trial court could consider whether his youth at the time he committed his crime justified an exceptional downward sentence.

The trial court entered an order denying Capps's CrR 7.8 motion, resolving the merits without holding a hearing. The order denying the CrR 7.8 motion found that the motion was timely but it failed to present sufficient grounds for relief. Capps appeals from the order denying his CrR 7.8 motion.

ANALYSIS

Capps contends that the trial court erred by denying his CrR 7.8 motion because the rule required that it either transfer his motion to this court for consideration as a personal restraint petition or hold a show cause hearing. The State concedes error but requests that we convert Capps's motion to a personal restraint petition and dismiss it as time barred under RCW 10.73.090. We accept the State's concession but decline its requested remedy. Instead, we remand to the trial court to adhere to the procedures established in CrR 7.8.

CrR 7.8 sets forth the criteria for seeking relief from judgment and the procedures that a trial court must follow when addressing such motions. CrR 7.8(c)(2) provides that a trial court:

> *shall* transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition *unless* the court determines that the motion is not barred by RCW 10.73.090 *and* either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

(Emphasis added); *see also In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 638, 362 P.3d 758 (2015). CrR 7.8(c)(3) provides that "[i]f the court does not transfer the motion to the Court of Appeals, it *shall* enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted." (Emphasis added.)

A trial court may retain a CrR 7.8 motion only where it makes the enumerated threshold determinations. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). A trial court that fails to follow these mandatory procedures abuses its discretion. *See Smith*, 144 Wn. App. at 864 (trial court acted without authority when it failed to follow CrR 7.8 procedures); *see also State v. George*, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007) (Courts "interpret[] court rules as though they were drafted by the legislature."); *In re Marriage of Watson*, 132 Wn. App. 222, 230, 130 P.3d 915 (2006) (trial court abuses its discretion when it fails to follow statutory procedures).

In denying Capps's motion, the trial court appears to have relied on *State v. Robinson*, 153 Wn.2d 689, 696, 107 P.3d 90 (2005), in which our Supreme Court stated that a superior court may deny a CrR 7.8 motion on the merits without a hearing if the motion does not establish grounds for relief. However, *Robinson* predates an amendment to CrR 7.8 that adopted the current procedural requirements and eliminated the language permitting trial courts to deny motions that fail to establish grounds for relief. *See Smith*, 144 Wn. App. at 862-63 (comparing former CrR 7.8(c) (1986) with the current version of CrR 7.8(c)).

In addition, since the trial court addressed Capps's motion, our Supreme Court has

reversed the case that was the basis for the trial court's conclusion that the motion was not time barred under RCW 10.73.090. RCW 10.73.090 requires that motions for a collateral attack on a judgment and sentence must be filed within one year of the date that the judgment and sentence becomes final, subject to certain exceptions under RCW 10.73.100. RCW 10.73.100(6) provides an exception to the time bar when there has been a "significant change in the law" that is "material to the . . . sentence" and "sufficient reasons exist to require retroactive application of the changed legal standard."

Capps's judgment and sentence became final in 1995 when the trial court entered it. RCW 10.73.090(3)(a). Capps filed his CrR 7.8 motion in 2017, well over one year later. But Capps argued that *State v. O'Dell*, 183 Wn.2d 680, 689-96, 358 P.3d 359 (2015), which held that an adult defendant's youth may be considered as a possible mitigating factor justifying an exceptional downward sentence, represented a significant change of law excepting his petition from the time bar under RCW 10.73.100(6).

The trial court agreed, relying on Division One's opinion in *In re Pers. Restraint of Light-Roth*, 200 Wn. App. 149, 401 P.3d 459 (2017), *rev'd*, 191 Wn.2d 328 (2018), which said that *O'Dell* constituted a significant change in the law. However, after the trial court entered its order denying Capps's motion, our Supreme Court reversed *Light-Roth*, holding instead that *O'Dell* did not represent a significant change of law. *In re Light-Roth*, 191 Wn.2d at 335-38.

Because *O'Dell* does not represent a significant change of law, RCW 10.73.100(6) does

not apply to except Capps's CrR 7.8 motion from the one-year time limit to file a collateral attack on his sentence. And because Capps did not argue that any other exception to the time bar applied, the trial court was required under CrR 7.8(c)(2) to transfer the untimely motion to this Court for consideration as a personal restraint petition.

Although we agree with the State that Capps's CrR 7.8 motion was untimely and should have been transferred to this Court as a personal restraint petition, we deny the State's request to convert the motion to a personal restraint petition and to dismiss it in this appeal. In *Smith*, the State similarly requested that we convert the appellant's untimely CrR 7.8 motion to a personal restraint petition and dismiss. 144 Wn. App. at 863-64. We explained that converting the motion could infringe on the appellant's right to decline to pursue the merits of his personal restraint petition so as to avoid becoming subject to the successive petition rule of RCW 10.73.140. By declining the State's request to convert Capps's untimely CrR 7.8 motion in this appeal, we preserve Capps's opportunity to decide whether to pursue a personal restraint petition with this court.

Accordingly, we remand Capps's motion to the trial court with direction to adhere to the CrR 7.8 procedures. Because we have determined that Capps's CrR 7.8 motion was untimely and that the trial court erred by failing to transfer it to this court for consideration as a personal restraint petition, we do not address the underlying merits of the motion as argued in the State's response and in Capps's statement of additional grounds.

A majority of the panel having determined that this opinion will not be printed in the

No. 51260-2-II

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.