# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55099-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JONATHON KEITH RENO, | |
| Appellant. | |

MAXA, P.J. – Jonathon Reno appeals the trial court's denial of his CrR 7.8(b) motion requesting resentencing. He alleged in his motion that his offender score needed to be recalculated because some of his prior crimes washed out under RCW 9.94A.525, which provides that prior class C felonies wash out "if, since the last date of release from confinement . . . the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction." The trial court disagreed that any of Reno's prior convictions washed out and denied the motion.

We hold that (1) the trial court erred in reaching the merits of Reno's CrR 7.8(b) motion without first addressing whether the motion was timely as required under CrR 7.8(c)(2); and (2) as the State concedes, Reno is entitled to be resentenced under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), because two of the convictions included in his offender score were for

unlawful possession of controlled substances.  Accordingly, we vacate the trial court's CrR 7.8(b) order and remand for resentencing.

FACTS

On November 10, 2013, Reno drove a motorcycle while under the influence of alcohol and crashed.  His passenger was killed.

In 2014, Reno pled guilty to vehicular homicide.  The trial court calculated his offender score as 10, based in part on prior convictions for class C felonies and for possession of controlled substances.  The court sentenced Reno to 240 months in confinement.

Reno appealed his sentence, and this court affirmed.  The mandate was issued in August 2015.

In July 2020, Reno filed a CrR 7.8(b) motion for resentencing on his vehicular homicide conviction, arguing that the judgment and sentence was invalid on its face because some of his prior convictions washed out under RCW 9.94A.525(2)(c) and should not have been included in his offender score.  Materials submitted to the court outlined the following criminal history: (1) felony conviction for attempted vehicular assault in June 2006, released from confinement in May 2007; (2) charged with third degree driving with a suspended license in December 2007, but not convicted until May 2011; and (3) misdemeanor conviction for negligent driving in April 2012, which was vacated in 2019.

Reno argued that once the 2012 conviction was vacated, prior class C felonies washed out for purposes of his vehicular homicide sentence because he had spent five consecutive years in the community without committing any crime between the commission of third degree driving with suspended license in December 2007 and commission of vehicular homicide in November

2

2013. The State argued that the wash out period began not when he committed the offense of third degree driving with suspended license, but when he was convicted of that offense in May 2011. And five years had not passed between the May 2011 conviction and the November 2013 conviction.

Even though Reno's CrR 7.8(b) motion was filed almost five years after his vehicular homicide judgment and sentence mandated, the trial court's order did not address the timeliness of the motion. Instead, the court addressed Reno's CrR 7.8(b) motion on the merits. The court denied the motion, ruling that the wash out period started with Reno's conviction of third degree driving with suspended license in May 2011 and therefore that there was not a five year period where Reno was in the community without committing any crime.

Reno appeals the trial court's denial of his CrR 7.8(b) motion.

ANALYSIS

A.    CrR 7.8 LEGAL PRINCIPLES

Under CrR 7.8(c)(2), the trial court "shall" transfer a CrR 7.8(b) motion to the Court of Appeals for consideration as a personal restraint petition (PRP) "unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing."

RCW 10.73.090(1) states, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." The one year time bar does not apply if the judgment and sentence is invalid on its

3

face. *See In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002). In addition, RCW 10.73.100 provides six exceptions to the time bar.[1] If the judgment and sentence is not invalid on its face and none of the exceptions apply, a CrR 7.8 motion is untimely. *See In re Pers. Restraint of McKiearnan*, 165 Wn.2d 777, 781, 203 P.3d 375 (2009).

It is mandatory for a trial court to transfer an untimely CrR 7.8 motion to the Court of Appeals without reaching the merits. *State v. Molnar*, ___ Wn.2d ___, 497 P.3d 858, ___, [¶18] (2021).

If the trial court fails to comply with CrR 7.8(c)(2), the proper recourse is to remand the matter for the trial court to consider the CrR7.8(c)(2) criteria. *See In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 642, 362 P.3d 758 (2015). As the Supreme Court recently stated, "we must reiterate how important it is for superior courts to process motions for postconviction relief in accordance with CrR 7.8(c)." *Molnar*, 497 P.3d at ___ [¶54].

B.      FAILURE TO FOLLOW CRR 7.8(c)(2)

Here, the trial court did not address whether Reno's CrR 7.8(b) motion was timely under RCW 10.73.090. If the court had addressed timeliness, it presumably would have ruled that the motion was untimely. Reno's only basis for avoiding the one-year time bar was his argument that the judgment and sentence was invalid on its face because some of the convictions used in his offender score had washed out. But the trial court ruled that the convictions had not washed out. This means that according to the court, the judgment and sentence was not invalid on its face and the motion was untimely.

---

[1] The one-year time limit also is subject to equitable tolling in extraordinary circumstances. *See In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 49, 479 P.3d 1164 (2021).

Because the trial court's ruling meant that Reno's CrR 7.8 motion was untimely, the court should have transferred the motion to this court as a PRP under CrR 7.8(c)(2). Therefore, the trial court erred by reaching the merits of the motion and we vacate the trial court's order.

C.    REMAND FOR RESENTENCING UNDER *BLAKE*

The State concedes that because two of the convictions included in Reno's offender score were for unlawful possession of a controlled substance, he is entitled to be resentenced under *Blake*, 197 Wn.2d 170. The State is correct. Therefore, we remand for resentencing.

At resentencing, Reno will be free to argue that some of the convictions included in his offender score should have washed out. Neither the trial court nor the parties will be bound by the now vacated CrR 7.8(b) order.

## CONCLUSION

We vacate the trial court's CrR 7.8(b) order and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

VELJACIC, J.

PRICE, J.