IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37596-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CLARK ALLEN TELLVIK, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Clark Allen Tellvik appeals a trial court order regarding his motion for relief from judgment under CrR 7.8. He also appeals the terms of his amended judgment and sentence. As the parties agree, this matter must be remanded for the trial court to assess Mr. Tellvik's CrR 7.8 motion and for resentencing.

FACTS

In 2016, a jury convicted Mr. Tellvik of first degree burglary, possession of a stolen vehicle, possession with intent to deliver a controlled substance, making or having burglary tools, possession of a stolen firearm, and second degree unlawful possession of a firearm. The jury also found firearm enhancements on the convictions for burglary, possession of a stolen vehicle, and possession with intent to deliver a controlled substance. Mr. Tellvik appealed his convictions, which this court affirmed except for a

conviction for possession with intent to deliver a controlled substance. *State v.*

*Tellvik*, No. 34525-4-III, slip op. at 8 (Wash. Ct. App. Jun. 14, 2018) (unpublished),

https://www.courts.wa.gov/opinions/pdf/345254_unp.pdf, *rev'd in part sub nom.*

*State v. Peck*, 194 Wn.2d 148, 161, 449 P.3d 235 (2019). The Supreme Court's decision

in its consolidated review of *Tellvik* and *Peck* became final on issuance of a mandate on

July 31, 2020.

On February 14, 2020, Mr. Tellvik filed a motion for relief of judgment under

CrR 7.8. The motion challenged Mr. Tellvik's conviction. It was based on arguments

not previously raised on appeal.

Shortly after Mr. Tellvik filed the CrR 7.8 motion, but before issuance of the

Supreme Court's mandate, the trial court held a hearing to address errors in the original

judgment and sentence. The errors had been brought to the court's attention by the

Washington State Department of Corrections. As a result of the hearing, the trial court

issued an amended judgment and sentence. The court declined to address the merits

of Mr. Tellvik's CrR 7.8 motion, explaining it lacked jurisdiction because the Supreme

Court had not yet mandated Mr. Tellvik's appeal back to the trial court. The court then

denied Mr. Tellvik's CrR 7.8 motion and directed it to be transferred it to this court for

consideration as a personal restraint petition. The petition was later remanded back to the

trial court as its transfer order failed to meet the requirements of CrR 7.8(c)(2). *See* Order

Remanding Personal Restraint Petition, *In re Pers. Restraint of Tellvik*, No. 37412-2-III

(Wash. Ct. App. May 7, 2020).

On March 10, 2020, Mr. Tellvik appealed from his amended judgment and

sentence and the order denying his CrR 7.8 motion. The trial court later found Mr. Tellvik

to be indigent.

## ANALYSIS

The issues on appeal pertain to the trial court's disposition of Mr. Tellvik's

CrR 7.8 motion and the terms of the amended judgment and sentence. The parties agree

Mr. Tellvik is entitled to remand regarding these issues. Thus, little discussion of the

issues is necessary.

With respect to the CrR 7.8 motion, we agree with the parties that the trial court

had jurisdiction to review the substance of the motion, despite the fact that a mandate had

not yet been issued from the Supreme Court. Mr. Tellvik's motion was not time barred

under RCW 10.73.090, and neither CrR 7.8 nor RCW 10.73.090 require a CrR 7.8 motion

to be filed after a final mandate has been entered in an appeal. Therefore, the trial court

should have handled Mr. Tellvik's motion pursuant to the regularly-applicable terms

of CrR 7.8. We remand for that purpose. *See In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 638-39, 362 P.3d 758 (2015).

Our remand order should not be read to preordain the results of the trial court's CrR 7.8 analysis. The trial court may decide Mr. Tellvik is entitled to a fact-finding hearing or a hearing on the merits. CrR 7.8(c)(2). Or it may conclude Mr. Tellvik's motion must be transferred to this court as a personal restraint petition. *Id*. We express no opinion on these issues.

The parties also agree Mr. Tellvik is entitled to resentencing based on several errors in the amended judgment and sentence. We concur. First, Mr. Tellvik is entitled to resentencing because his offender score includes at least one conviction for simple possession of a controlled substance rendered void by the Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Second, the term of community custody imposed in relation to Mr. Tellvik's conviction for possession with intent to distribute a controlled substance (Count Three) cannot result in a total combined term (incarceration plus community custody) greater than the statutory maximum of 120 months. Former RCW 9.94A.701(9) (2010). Third, the judgment and sentence cannot include a $200 criminal filing fee or a DNA (deoxyribonucleic acid) collection fee, as Mr. Tellvik is indigent and has already submitted a DNA sample as a result of a prior

4

conviction. RCW 36.18.020(2)(h) (filing fee); RCW 43.43.7541 (DNA). Fourth, the

judgment and sentence must not include references to inapplicable sentencing

enhancements under RCW 9.94A.533(4)(e) and RCW 9.94.533(8)(b).

## CONCLUSION

We remand to the trial court for consideration of Mr. Tellvik's CrR 7.8 motion for

relief from judgment. Mr. Tellvik's sentence is reversed and we remand for resentencing

pursuant to the terms of this opinion. Given our disposition of this appeal, Mr. Tellvik's

motion to modify our Clerk's Ruling denying his motion to extend time to file a statement

of additional grounds for review is denied as moot.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Staab, J.

5