# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>KENNETH M. SUTTON<br><br>        Petitioner. | No. 55087-3-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. – In this personal restraint petition (PRP), Kenneth M. Sutton seeks relief from personal restraint imposed following his convictions of unlawful possession of a firearm in the first degree and unlawful possession of a controlled substance with intent to deliver. Thirteen months after the trial court entered Sutton's judgment and sentence, he filed a CrR 7.8(b) motion with the superior court to withdraw his guilty plea to these offenses. He alleged a *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed 2d 215 (1963), discovery violation and ineffective assistance of counsel. The superior court transferred the matter to this court after finding the motion was untimely. We ultimately dismissed the PRP as untimely. Our Supreme Court granted discretionary review and ruled the motion was timely. The Supreme Court then remanded the matter back to this court.

Because this matter originated as a CrR 7.8(b) motion before the superior court and because the Supreme Court has determined the matter is timely, we remand the matter to the superior court to analyze Sutton's CrR 7.8(b) motion consistent with this opinion.

FACTS

While searching Sutton, officers located a revolver, methamphetamine, heroin, and money. The State charged Sutton with unlawful possession of a firearm in the first degree, unlawful possession of a controlled substance with intent to deliver, and unlawful possession of a controlled substance.

As part of a plea agreement, Sutton agreed to plead guilty to unlawful possession of a firearm in the first degree and unlawful possession of a controlled substance with intent to deliver.

On April 19, 2019, the trial court entered its judgment and sentence.

On April 14, 2020, Washington State Governor Jay Inslee issued Proclamation 20-47, tolling the time to request postconviction collateral relief for 30 days.

On May 8, Sutton mailed from the correction center where he is incarcerated a CrR 7.8(b) motion to the superior court to withdraw his guilty plea.[1] He argued that the State failed to provide him with a laboratory report on the revolver and that counsel rendered ineffective assistance for not requesting the report. The superior court entered an order transferring Sutton's CrR 7.8(b) motion to this court based solely on its finding that the motion was untimely.

This court dismissed Sutton's PRP as untimely. Sutton petitioned the Supreme Court for discretionary review. The court granted review and found his motion for postconviction relief was timely. The court remanded the PRP back to this court.

---

[1] Inmates may obtain the benefit of an earlier filing date if the document is "deposited in the institution's internal mail system within the time permitted for filing." GR 3.1(a).

ANALYSIS

Sutton alleges a *Brady* violation and ineffective assistance of counsel in his CrR 7.8(b) motion for postconviction collateral relief. Because Sutton's CrR 7.8(b) motion is timely, we remand the matter to the superior court for consideration of the motion consistent with CrR 7.8(c)(2).[2]

Under CrR 7.8(c)(2), the superior court must transfer a CrR 7.8(b) motion to the court of appeals for consideration as a PRP "unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing." RCW 10.73.090(1) states, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

Here, the only basis the superior court provided for transferring Sutton's CrR 7.8(b) motion to this court was that it was untimely. But our Supreme Court has determined that the motion was timely. The superior court has not yet decided whether "(i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing" as required by CrR 7.8(c)(2).

If the superior court has not fully considered the CrR 7.8(c)(2) criteria, the proper recourse is to remand the matter back the superior court for consideration. *In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 642, 362 P.3d 758 (2015). As the Supreme Court recently stated, "we

---

[2] We note that Sutton raises new issues in his reply brief. He contends he was denied his right to present a defense and expiration of the time for trial period forced him to plead guilty. In general, we will not review an issue that is raised and argued for the first time in a reply brief. RAP 10.3(c); *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327, 394 P.3d 367 (2017). But because we are remanding, we leave to the superior court to decide whether Sutton may raise these issues.

must reiterate how important it is for superior courts to process motions for postconviction relief in accordance with CrR 7.8(c)." *State v. Molnar*, 198 Wn.2d 500, 521, 497 P.3d 858 (2021).

Accordingly, because this matter started as a CrR 7.8(b) motion before the superior court, and because the Supreme Court has ruled that the matter is timely, the appropriate recourse is to remand the matter back to the superior court for consideration.

We remand the matter to the superior court for consideration of Sutton's CrR 7.8(b) motion based on the CrR 7.8(c)(2) criteria.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, J.

Lee, C.J.