**FILED**
**JUL 29, 2025**
**COURT OF APPEALS**
**DIVISION III**
**STATE OF WASHINGTON**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39820-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH D. DOWNING, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. —In this appeal, Kenneth Downing asks this court to remand a CrR 7.8 dismissal motion to the superior court for an evidentiary ruling and to direct the superior court to order production of either the redacted recordings or a redacted transcript of the audio and video files of police interviews of witnesses. We grant his two requests.

FACTS

On July 8, 2022, Kenneth Downing pled guilty to four counts of first-degree rape and one count of second-degree assault with sexual motivation. The facts behind the crimes lack importance in this proceeding. On August 19, 2022, the superior court sentenced Downing to 283 months to life. Downing did not appeal his conviction or sentence.

On November 2, 2022, Kenneth Downing requested the case file of his trial counsel. We refer to this attorney as defense counsel. The file included recordings and videos of police interviews of victims. The State requested that defense counsel redact

the recordings to obscure the faces of victims and to alter the voices of victims. Defense

counsel informed the court that he lacked the resources to alter voices and redact faces.

Counsel requested public funds to perform these tasks.

At the December 2, 2022 motion hearing, the superior court barred Kenneth

Downing from receiving any audio or visual recordings. Otherwise, the court directed

defense counsel to forward Downing all written discovery responses.

On October 28, 2022, Kenneth Downing filed, with this court, a personal restraint

petition (PRP), that requested appointment of new counsel and permission to supplement

this court's record with discovery materials. *In re Personal Restraint Petition of Kenneth

Downing*, No. 39278-3-III. In his petition, Downing alleged several grounds for relief

from his conviction and sentence, including, (1) ineffective assistance of counsel, (2) a

coercive confession, (3) denial of due process, (4) excessive bail, (5) violation of his right

to a speedy trial, (6) inability to participate in his defense, (7) pressure to plead guilty,

and (8) entering an unwitting and unintelligent plea.

By early 2023, defense counsel had yet to forward the discovery material to

Kenneth Downing. Downing then asked again for assistance from the court. On March

31, 2023, the superior court again ordered defense counsel to supply discovery materials

and imposed a deadline for production. Downing renewed his request for the audio and

video files and added that he would accept transcriptions of the recordings. The superior

court upheld its original ruling and denied the request for production of the interviews.

After defense counsel redacted the documents and the prosecutor approved of the redactions, defense counsel mailed a thumb drive to Kenneth Downing at Coyote Ridge Corrections Center. Correctional officers immediately confiscated the thumb drive for violating prison regulations.

PROCEDURE

We arrive at the motion that gives rise to this appeal. In June 2023, Kenneth Downing once again sought superior court assistance to compel defense counsel to surrender the case file. He also filed a motion for dismissal of his prosecution under CrR 7.8(b) based on purported mismanagement, misrepresentation, and misconduct by the State. On June 12, 2023, the superior court ordered that the discovery materials from the thumb drive be printed and provided to Downing by August 1, 2023, but only after redaction of information about the witnesses. The court denied the motion to dismiss without holding an evidentiary hearing. The June 12 order reads, in part:

> There is no evidence of mismanagement, misrepresentation or misconduct by anyone. The Defendant plead guilty as charged after a thorough colleque [sic] with the Court and that his plea was made voluntarily, intelligently and as a result of his own free will. Therefore, this motion is denied.

Clerk's Papers (CP) at 72.

On July 3, 2023, Kenneth Downing appealed the June 12, 2023, order that denied

Downing's motion to dismiss and required redaction of interviews. Downing's notice of appeal claims: (1) abuse of process, (2) miscarriage of justice, (3) factual innocence, (4) coercive manipulation of procedures, (5) denial of the opportunity to redress grievances, (6) equal protection violations, (7) gross misconduct, and (8) abuse of discretion.

Meanwhile, Kenneth Downing's October 2022 personal restraint petition remained pending before this court. On September 14, 2023, this court directed the Whitman County Prosecutor's Office to respond to Kenneth Downing's restraint petition by November 13, 2023. *In re Personal Restraint Petition of Kenneth Downing*, Ruling Calling for Response, No. 39278-3-III.

On October 6, 2023, Kenneth Downing moved this Court to consolidate his personal restraint petition with this appeal. *In re Personal Restraint Petition of Kenneth Downing*, Motion to Consolidate, No. 39278-3-III. The court stayed the petition on October 18, 2023, to allow the record to be finalized and briefing completed before determining whether consolidation of the two cases was appropriate. *In re Personal Restraint Petition of Kenneth Downing*, Ruling Staying, No. 39278-3-III.

On August 15, 2024, briefing in this appeal was completed. After reviewing the record and briefing in both the petition and the appeal, this court denied the motion to consolidate. The personal restraint petition remains stayed pending the issuance of the mandate in the case at bar. *In re Personal Restraint Petition of Kenneth Downing*, Order

4

Denying Petitioner's Motion to Lift Stay and Consolidate, No. 39278-3-III. This opinion

does not address Downing's personal restraint petition.

LAW AND ANALYSIS

On appeal from the June 12, 2023, order, Kenneth Downing contends the superior

court erred when not permitting a show cause hearing to address his CrR 7.8 motion.

Downing, in the alternative, argues that the superior court erred when failing to transfer

his CrR 7.8 motion to this court as a personal restraint petition as opposed to dismissing

the motion. On appeal, Downing also asks that this court require unredacted recordings

of victim interviews.

The State, in response to the order denying the motion to dismiss, acknowledges

that CrR 7.8 precluded the trial court from summarily denying Kenneth Downing's

motion. We agree.

Motion to Dismiss

CrR 7.8 governs the appeal of the superior court's denial of the motion to dismiss.

The rule reads, in part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly
> Discovered Evidence; Fraud; etc**. On motion and upon such terms as are
> just, the court may relieve a party from a final judgment, order, or
> proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or
> irregularity in obtaining a judgment or order;
> (2) Newly discovered evidence which by due diligence could not

have been discovered in time to move for a new trial under rule 7.5;

   (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

   (4) The judgment is void; or

   (5) Any other reason justifying relief from the operation of the judgment.

   The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. . . .

   **(c) Procedure on Vacation of Judgment**.

   (1) *Motion*.  Application shall be made by motion stating the grounds upon which relief is asked, and supported by affidavits setting forth a concise statement of the facts or errors upon which the motion is based.

   (2) *Transfer to Court of Appeals*.  The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.  A defendant is entitled to relief under subsection (i) where the person (A) is serving a sentence for a conviction under a statute determined to be void, invalid, or unconstitutional by the United States Supreme Court, the Washington Supreme Court, or an appellate court where review either was not sought or was denied or (B) is serving a sentence that was calculated under RCW 9.94A.525 using a prior or current conviction based on such a statute.

   (3) *Order to Show Cause*.  If the court does not transfer the motion to the Court of Appeals, it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.

RCW 10.73.090 demands that the defendant file a motion for collateral relief from judgment, such as a CrR 7.8 motion to dismiss, within one year of the judgment becoming final.  The State agrees Kenneth Downing timely filed his motion within one

6

year of his judgment and sentence becoming final on August 19, 2022.

Because Kenneth Downing timely filed his motion to dismiss, CrR 7.8 directed the superior court to determine whether resolving the motion required a factual hearing. The superior court did not do so, but instead denied the motion on the merits. More importantly, since the superior court did not transfer the collateral attack to this court, the court should have, under CrR 7.8(c)(3), conducted a show cause hearing. It also failed to conduct such a hearing. When a court fails to adhere to CrR 7.8(c), the appropriate remedy is to vacate its order and remand the case based on this abuse of discretion. *State v. Smith*, 159 Wn. App. 694, 699-700, 247 P.3d 775 (2011).

We also mention a word of caution. Given the overlap between Kenneth Downing's CrR 7.8 motion and the personal restraint petition currently before this court, if the superior court opts to transfer the motion, it must first notify Downing, warn him that such a transfer could invoke the successive petition rule (RAP 16.4(d)), and allow him to withdraw or amend his motion. *State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008); *In re the Personal Restrain of Ruiz-Sanabria*, 184 Wn.2d 632, 639, 362 P.3d 758 (2015).

## Discovery

The State further concedes that Kenneth Downing is entitled to the discovery materials which he seeks to support his personal restraint petition. Denying a defendant

access to their client file and discovery materials deprives him of "a critical resource for completing a viable PRP." *State v. Padgett*, 4 Wn. App. 2d 851, 855, 424 P.3d 1235 (2018). CrR 4.7(h)(3) authorizes the defense attorney to provide the defendant with a copy of discovery materials, subject to "appropriate redactions approved by the prosecuting authority or order of the court." Downing expressed his willingness to accept a redacted transcript of the material instead of the original recordings. The trial court had no basis for issuing a blanket prohibition on the disclosure of an entire category of materials. On remand, the trial court should order the provision to Downing of either the redacted recordings or a redacted transcript of the audio and video files.

Statement of Additional Grounds

Kenneth Downing's additional grounds for relief restates issues already raised by his appellate counsel and argues why dismissal is warranted based on the fraud, misrepresentation, and misconduct that lead to his personal restraint petition and this appeal. Thus, we deny review of the statement.

In addition, Downing brings a retaliation claim under the First Amendment to the United States Constitution, citing *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005). This court is not the appropriate forum for first seeking redress. "The Washington constitution, by Art. IV, § 6, vests that power exclusively in the trial court. The power of this court is appellate only." *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 959, 350 P.2d

No. 39820-0-III
*State v. Downing*

1003 (1960).

CONCLUSIONS

We remand this proceeding to the superior court to vacate the order denying the CrR 7.8 motion and direct the trial court to either hold a show cause hearing or conduct a proper transfer analysis. We also direct the superior court to enter an order affording Kenneth Downing with redacted copies or transcripts of the video and audio evidence included in his discovery materials.

The majority of this court has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Fearing, J._
Fearing, J.

WE CONCUR:

_Staab_
Staab, A.C.J.

_Lawrence-Berrey_
Lawrence-Berrey, C.J.

9

No. 39820-0-III

FEARING, J. (concurring)– Convoluted CrR 7.8(c)(2), embedded in double, if not, triple negatives would be easier, but still difficult, to follow if the court rule instead read as follows:

> **1. The superior court shall transfer the motion to the court of appeals if:**
> (a) (i) the defendant filed the motion within a year after the finality of the judgment and sentence; (ii) the defendant is serving a sentence for a conviction under a statute determined to be void, invalid, or unconstitutional by an appellate court; and (iii) the defendant either sought review or a court denied review;
> (b) the defendant filed the motion within a year after the finality of the judgment and sentence, and the defendant is serving a sentence that was calculated under RCW 9.94A.525 using a prior or current conviction based on such a statute; or
> (c) the defendant filed the motion within a year after the finality of the judgment and sentence and resolution of the motion does not require a factual hearing.
> **2. The superior court shall not transfer the motion to the court of appeals if:**
> (a) the defendant did not file the motion within one year of the finality of the judgment and sentence;
> (b) the defendant filed the motion within one year of the finality of the judgment and sentence, but the defendant is not serving a sentence for a conviction under a statute determined to be void, invalid, or unconstitutional by an appellate court or the defendant is serving a sentence that was calculated under RCW 9.94A.525 using a prior or current conviction based on such a statute;
> (c) the defendant filed the motion within one year of the finality of the judgment and sentence, but the defendant has either sought review or been denied review by a court; or
> (d) the defendant filed the motion within one year of the finality of the judgment and sentence, and the resolution of the motion requires a factual hearing.

_____
Fearing, J.