# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>            Appellant,<br><br>      v.<br><br>JAMES ALFRED GRAY,<br><br>            Respondent. | No. 77489-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: June 17, 2019 |

APPELWICK, J. — A court sentenced Gray to 335 months of confinement upon multiple convictions in 2006. In 2017, Gray filed a CrR 7.8 motion to vacate the judgment and sentence. He sought a new sentencing hearing, in view of recent caselaw addressing the sentencing of youthful offenders. The trial court denied Gray's motion. Gray appeals. We vacate the order denying Gray's motion, convert the matter to a personal restraint petition, and dismiss the untimely petition.

## FACTS

In May 2006, James Gray pleaded guilty to robbery in the first degree with a firearm, burglary in the first degree, and solicitation to commit murder in the first degree. Gray was 20 years old when he committed the crimes. Both the presentence investigation report and Gray's counsel recommended a sentence at the low end of the standard range based, in part, on Gray's age and lack of maturity. While awaiting sentencing, Gray attempted to bribe one of the victims

to urge the prosecutor not to pursue the charges. Upon learning of this conduct, the State recommended a higher midrange sentence. In July 2006, the sentencing court followed the State's recommendation and imposed midrange sentences on each count, weighing Gray's "extreme youth" against the severity of the conduct. The court also applied a 60 month firearm enhancement, resulting in a total sentence of 335 months. Gray did not appeal.

More than 10 years later, in August 2017, Gray filed a CrR 7.8 motion to vacate his judgment and sentence. Relying on the Washington State Supreme Court's decision in State v. O'Dell, 183 Wn.2d 680, 697, 358 P.3d 359 (2015), Gray argued that his sentence was unlawful because the sentencing court failed to consider his relative youth as a possible mitigating factor. Gray further argued that his motion was not time barred under RCW 10.73.090(1) because O'Dell is material to his conviction and the decision represents a significant change in the law that applies retroactively to his case. See RCW 10.73.100(6). The State argued that the trial court should transfer Gray's motion to this court under CrR 7.8(c)(2).

The trial court denied the motion.[1] In its order, the court concluded that Gray "failed to demonstrate that the court did not take Gray's age into consideration when imposing a standard range sentence."

---

[1] In the same order, the court also denied Gray's motion to strike a condition of community custody and motions for the appointment of counsel and for transport. Gray does not appeal these rulings.

## DISCUSSION

As below, Gray relies on O'Dell to argue that the sentencing court in 2006 failed to meaningfully consider his age, because it lacked the benefit of the evolving scientific understanding of adolescent brain development. Regardless of the merits of his argument, after the trial court denied Gray's motion and after Gray filed his opening brief in this appeal, the Supreme Court rendered its decision in In re Personal Restraint of Light-Roth, 191 Wn.2d 328, 422 P.3d 444 (2018). In Light-Roth, the court held that O'Dell did not change the law. Light-Roth, 191 Wn.2d at 338. Gray's motion is therefore, not exempt from the time bar.

Under CrR 7.8(c)(2), the superior court "shall" transfer a CrR 7.8 motion to this court unless it is timely and "the defendant has made a substantial showing that he or she is entitled to relief" or "resolution of the motion will require a factual hearing." A trial court may retain a CrR 7.8 motion only where it makes these enumerated threshold determinations. State v. Smith, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). Gray's untimely motion should have been transferred to this court for consideration as a personal restraint petition.[2] Accordingly, we vacate the order denying Gray's motion, convert the matter to a personal restraint petition, and dismiss the untimely petition.

---

[2] Even if timely, the trial court was required to transfer Gray's motion in the absence of a finding that Gray made a substantial showing that he was entitled to relief or a finding that resolution of his motion would require a factual hearing. The trial court here made no such findings and in fact, made a contrary finding that Gray failed to demonstrate a basis for relief.

The petition is dismissed.

Appelwick, C.J.

WE CONCUR:

Chun, J.

Verellen, J.