Filed
Washington State
Court of Appeals
Division Two

December 20, 2022

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56316-9-II |
| Respondent, | |
| v. | |
| STEVEN JAMES MOSEBAR, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J.—Steven James Mosebar appeals from a trial court order denying his CrR 7.8 motion as time barred. Because the trial court determined that the CrR 7.8 motion was time barred, it lacked the jurisdiction to deny the motion. CrR 7.8(c)(2); *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). Accordingly, the order denying the CrR 7.8 motion is vacated, and this matter is remanded to the trial court for further action.

Mosebar also argues that we can address a newly raised issue of whether the total sentences for each of his offenses exceeds the statutory maximum for each offense. The State concedes that the total sentences for each offense exceed the statutory maximum for the offenses. But this issue was not raised in Mosebar's CrR 7.8 motion and was not addressed by the trial court. Accordingly, this new issue is not properly before us, and we decline to consider it. Mosebar may, however, seek to add this claim to his CrR 7.8 motion on remand, or he may raise this issue in a personal restraint petition (PRP) in this court.

FACTS

Mosebar pleaded guilty to one count of third degree child molestation and one count of incest. In the plea agreement, the State recommended sentences of 60 months of confinement on the third degree child molestation count, 77 months of confinement on the first degree incest count, and 36 months of community custody on each offense.

During the plea colloquy, the trial court advised Mosebar that it did not have to follow the sentencing recommendations and could impose "up to the top of the standard range" for the offenses. Verbatim Report of Proceedings (Aug. 2, 2019) at 6-7. Mosebar acknowledged that he understood this.

At the sentencing hearing the State made its promised sentencing recommendation, and Mosebar advised the trial court that with one exception, it was an agreed recommendation. The State and Mosebar disagreed as to whether the trial court should run these sentences concurrently or consecutively to his sentence in a different case.[1]

On October 4, 2019, the trial court sentenced Mosebar to 60 months of confinement for the third degree child molestation count and 102 months of confinement for the first degree incest count and ran these sentences concurrently. The trial court then imposed 36 months of community custody for each offense, resulting in a total sentence for the third degree child molestation count of 96 months and a total sentence for the first degree incest of 138 months. The trial court also ran these sentences consecutive to the sentence in the other case.

---

[1] Mosebar was on a Parenting Sentencing Alternative (PSA) for another set of charges when he committed the offenses at issue here. The PSA was revoked due to Mosebar's plea in this matter.

On July 13, 2021, more than a year after the trial court entered the judgment and sentence, Mosebar filed a CrR 7.8 motion in the trial court. In this motion, Mosebar argued that (1) the trial court had violated his due process rights when it imposed a higher sentence than the agreed to sentencing recommendation, (2) the prosecutor had breached the plea agreement because Mosebar did not receive the sentence to which the parties had agreed, and (3) a community custody provision prohibiting all contact with his nonvictim minor children was unconstitutional.

The trial court found the CrR 7.8 motion to be untimely, but rather than transfer the motion to this court as required by CrR 7.8(c)(2), the trial court entered an order denying the motion. The trial court also denied Mosebar's motion for reconsideration.

Mosebar appeals the order denying his CrR 7.8 motion.

ANALYSIS

I. DENIAL OF CRR 7.8 MOTION

Mosebar argues that once the trial court determined that the CrR 7.8 motion was time barred, the trial court lacked the authority to deny the CrR 7.8 motion. He asserts that once the trial court determined the motion was untimely, it should have transferred the CrR 7.8 motion to this court for consideration as a PRP. We agree.

CrR 7.8(c)(2) requires the trial court to transfer a CrR 7.8(b) motion to this court for consideration as a PRP "unless the [trial] court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing." *See Smith*, 144 Wn. App. at 863. It is mandatory for a trial court to transfer an untimely CrR 7.8 motion to this court without reaching the merits. *State v. Molnar*, 198 Wn.2d 500, 509, 497 P.3d 858 (2021).

If the trial court fails to comply with CrR 7.8(c)(2), the proper recourse is to remand the matter for the trial court to consider the CrR 7.8(c)(2) criteria and to follow the proper procedures. *Smith*, 144 Wn. App. at 864. As our Supreme Court has emphasized, "[W]e must reiterate how important it is for superior courts to process motions for postconviction relief in accordance with CrR 7.8(c)." *Molnar*, 198 Wn.2d at 521.

## II. NEWLY RAISED ISSUE

Mosebar further argues that his "case presents an issue in which an exception to the general one-year deadline applies," specifically, whether his sentences exceeded the statutory maximum for the offenses, rendering the judgment and sentence facially invalid.[2] Appellant's Opening Br.-Am. at 8. The State concedes that the judgment and sentence contains this error and that this issue is not time barred.

But Mosebar did not present this argument in his CrR 7.8 motion. And, even though the State concedes that this issue would not have been time barred and has merit, because the only matter currently before us is the order denying Mosebar's CrR 7.8 motion, this new issue is not properly before us.

---

[2] In his amended brief, Mosebar characterizes this appeal as a PRP. He asserts that we "can consider [his] PRP because his felony judgment and sentence is facially invalid." Appellant's Opening Br.-Am. at 10. But this is a direct appeal from the trial court's order denying a CrR 7.8 motion, not a PRP. And the issue before us is whether the trial court erred, not whether a newly-minted issue can overcome the time bar. Although this court has, on occasion, converted similar appeals into PRPs, we do not do so here because it is unclear whether Mosebar wishes to continue to pursue the issues he raised in his CrR 7.8 motion.

No. 56316-9-II

Accordingly, we vacate the trial court's order dismissing Mosebar's CrR 7.8 motion and remand for further appropriate action. On remand, Mosebar may move to amend his motion to include his new sentencing issue, or he may file a PRP raising this issue in this court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.

We concur:

Glasgow, C.J.

Maxa, J.